COPY
Original Filed

MAY 12 2017

Timothy W. Fitzgerald
SPOKANE COUNTY CLERK

IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SPOKANE

| | |
|---|---|
| CHRISTOPHER A. SANTAMOUR and JOHN KELLY PEIGHTAL, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> UPS GROUND FREIGHT, INC., a Virginia corporation, <br><br> Defendant. | CLASS ACTION COMPLAINT <br> Case No. 17201766-8 <br><br> COMPLAINT FOR UNPAID AND WRONGFULLY WITHHELD WAGES |

Plaintiffs Chris A. Santamour ("Plaintiff Santamour") and John Kelly Peightal ("Plaintiff Peightal") (together "Plaintiffs"), by and through their undersigned attorneys and on behalf of themselves and all others similarly situated, complain and allege the following:

## I. NATURE OF ACTION

1. This is a class action pursuant to Wash. Super. Ct. Civ. R. 23 against Defendant UPS Ground Freight, Inc., and its subsidiaries and affiliated companies ("Defendant" or "UPS")

PLAINTIFF'S CLASS ACTION COMPLAINT-1

INDIA LIN BODIEN, ATTORNEY AT LAW
2522 NORTH PROCTOR STREET #387
TACOMA, WASHINGTON 98406-5338
Tel: (253) 212-7913
Fax: (253) 276-0081

1  for engaging in a systematic scheme of wage and hour violations against its current and former
2  piece-rate truck drivers working in this State.

3      2.    As fully explained *infra*, Defendant paid its truck drivers on a piece-rate scheme
4  under which it did not compensate piece-rate truck drivers separately and hourly, or at all, for
5  rest periods as required under Washington law. Accordingly, Defendant violated Washington
6  wage and hour law and is liable to Plaintiffs and Class Members pursuant to the Washington
7  Industrial Welfare Act and regulations promulgated by the State's Department of Labor and
8  Industries and codified in WAC 296-126.

9      3.    Accordingly, Plaintiffs seek relief on a class-wide basis for unpaid wages for rest
10 periods separate and apart from the piece-rate, attorney's fees and costs for Defendant's past
11 violations during the Class Period, and double damages for Defendant's past and ongoing
12 violations.

13

14                       II.    **THE PARTIES**

15     4.    Plaintiff Santamour, who at all relevant times was a resident of Washington, was
16 employed by Defendant from approximately 2009 to the present, to work for Defendant as a
17 truck driver on a per-mile piece rate compensation basis. At all relevant times, Plaintiff
18 Santamour was based out of Defendant's terminal in Seattle, Washington, and delivered
19 overnight freight for Defendant. From approximately January, 2017, to the present, Plaintiff
20 Santamour drives a route from Defendant's Seattle terminal to Denver, Colorado. Plaintiff
21 Santamour's route includes stops in Richland and Spokane, Washington, where he picks up his
22 co-driver, Plaintiff Peightal. When Plaintiff Santamour drives this route, he works approximately
23 5 days per week and up to 12-14 hours per day for Defendant. Prior to approximately January,
24 2017, Plaintiff Santamour drove a route from Seattle to Oregon for Defendant for approximately
25 2 ½ years. On that route, Plaintiff Santamour worked approximately 12-14 hours per day for
26 Defendant, and approximately 5 days per week.

27

28

5. Plaintiff Peightal, who at all relevant times was a resident of Washington, was employed by Defendant from December 17, 2016, to the present, to work for Defendant as a truck driver on a per-mile piece rate compensation basis. At all relevant times, Plaintiff Peightal was based out of Defendant's terminal in Spokane, Washington, and drove with Plaintiff Santamour and/or another co-driver on their route to Denver, Colorado. At all relevant times, Plaintiff Peightal worked approximately 14 hours per day and 5 days per week for Defendant.

6. Defendant UPS is a Virginia corporation engaged in the business of parcel delivery worldwide, including in Washington State and the Pacific Northwest. Upon information and belief, Defendant UPS is the largest package delivery company in the world. Upon information and belief Defendant UPS operates out of several terminals in Washington State, including in Seattle, Richland, and Spokane, Washington. On information and belief, all of Defendant's piece-rate truck drivers in Washington are compensated on the same uniform piece-rate compensation system and all of Defendant's employees receive wage statements in the same basic format.

### III. JURISDICTION & VENUE

7. This Court has jurisdiction over this action to recover money damages pursuant to RCW 2.08.010.

8. This Court has jurisdiction over Plaintiff's and Class Members' claims for implied causes of action pursuant to RCW 49.12.

9. This Court has jurisdiction over Plaintiff's and Class Members' claims under RCW 49.52.

10. Venue is proper in Spokane County, Washington, pursuant to RCW 4.12.025(3)(a). Plaintiffs were based out of and drove through Defendant's terminal in Spokane, Washington, and Plaintiff's cause of action, or some part thereof, arose in Spokane County.

PLAINTIFF'S CLASS ACTION COMPLAINT-3

INDIA LIN BODIEN, ATTORNEY AT LAW
2522 NORTH PROCTOR STREET #387
TACOMA, WASHINGTON 98406-5338
Tel: (253) 212-7913
Fax: (253)276-0081

## IV. FACTUAL ALLEGATIONS

11. Defendant UPS is an employer of numerous truck drivers. On information and belief, during the class period, the Defendant employed an estimated 500 current and former piece-rate truck drivers in Washington State.

12. Defendant compensated Plaintiffs and other truck drivers on a per-mile piece-rate basis, with some extra pay for certain specified things, such as breakdown pay, but with no separate and hourly pay for rest periods, as required by state law. In fact, Defendant did not have any policy or practice to allow piece-rate truck drivers to take a paid rest break as required by WAC 296-126-092(4).

13. Under Washington law, employer's paying employees on a piece-rate scheme must pay workers for rest periods *separate and apart from the piece*. See Demetrio v. Sakuma Bros., Inc., 183 Wash.2d 649 (2015) (holding that piece rate agricultural workers must be paid hourly and separately for statutory rest breaks under WAC 296-131-020(2)); *see also Helde v. Knight Transportation, Inc.*, 2016 WL 1687961, at *4 (W.D. Wash. Apr. 26, 2016) (applying *Demetrio* to trucking companies that pay truck drivers on a "per mile" basis, and holding that such trucking companies must also pay hourly and separately for rest periods in addition to the piece-rate pay). Additionally, in *Carranza, et al. v. Dovex Fruit Co.*, Case No. 2:16-cv-00054-SMJ, (E.D. Wash. January 19, 2017) Dkt. No. 38 (Order Regarding the Certification of Questions to the Washington Supreme Court), the Washington Supreme Court held that the *Demetrio* ruling applies retroactively. Therefore, Defendant failed to provide compliant rest breaks to piece-rate truck drivers because the breaks provided and taken were not "on the employer's time" insofar as they were not paid for separately and hourly, or at all, as required by State law, and failed to make retro payments.

14. Simply put, Defendant did not compensate its piece-rate truck drivers for rest periods during the Class Period as required by law.

15. Defendants were on notice, or should have been on notice, of their need to pay separately and hourly and their need to make retro payments, particularly after *Demetrio, Helde,*

PLAINTIFF'S CLASS ACTION COMPLAINT-4

INDIA LIN BODIEN, ATTORNEY AT LAW
2522 NORTH PROCTOR STREET #387
TACOMA, WASHINGTON 98406-5338
Tel: (253) 212-7913
Fax: (253)276-0081

and *Carranza*, made the law clear. Therefore, Defendants' violations alleged above, were willful and deliberate.

## V. CLASS ACTION ALLEGATIONS

16. Plaintiffs bring this case as a class action pursuant to CR 23 of the Washington Superior Court Civil Rules on behalf of a Class consisting of the following:

> All individuals who (1) resided in Washington State, (2) were employed by UPS Ground Freight, Inc., in the position of truck driver or any similar position, (3) who drove at least one route of 3 hours or more within Washington State, and (4) who were paid on a "per mile" piece-rate basis, at any time from three years prior to the filing of this Complaint through the date of class certification (the "Class Period").

17. This group of current and former Defendant UPS truck drivers during the Class Period will be referred to hereinafter as "the Class."

18. Upon information and belief, there are at least 500 current and former employees in the Class. Given Defendant's systemic failure to comply with Washington law regarding the separate payment for rest periods, the members of the Class are so numerous that joinder of all members is impractical.

19. Plaintiffs' claims are typical of the claims of the members of the Class because they are piece-rate truck drivers who sustained damages arising out of Defendant's failure during the Class Period to pay separately for rest periods.

20. Plaintiffs will fairly and adequately represent the interests of the Class. Plaintiffs have no conflict of interest with any member of the Class. Plaintiffs have retained competent and experienced counsel in complex class action litigation. Plaintiffs' counsel has the expertise and financial resources to adequately represent the interests of the Class.

21. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Plaintiffs and the Class are the following:

PLAINTIFF'S CLASS ACTION COMPLAINT-5

INDIA LIN BODIEN, ATTORNEY AT LAW
2522 NORTH PROCTOR STREET #387
TACOMA, WASHINGTON 98406-5338
Tel: (253) 212-7913
Fax: (253)276-0081

      a. Whether Defendant violated WAC 296-126-092(4) by failing to pay Plaintiffs and the Class Members separate and hourly pay for rest periods;

      b. Whether Defendant's violations of Washington wage and hour law was willful with intent to deprive and is liable for double damages pursuant to RCW 49.52.050, 70; and

      c. The nature and extent of class-wide injury and the measure of damages for the injury.

22. Class action treatment is superior to any alternative to ensure the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without duplication of effort and expense that numerous individuals would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Class members are readily identifiable from Defendant's employee rosters and/or payroll records.

23. Defendant's actions are generally applicable to the entire Class. Prosecution of separate actions by individual members of the Class creates the risk of inconsistent or varying adjudications of the issues presented herein, which, in turn, would establish incompatible standards of conduct for Defendant.

24. Because joinder of all members is impractical, a class action is superior to other available methods for the fair and efficient adjudication of this controversy. Furthermore, the amounts at stake for many members of the Class, while substantial, may not be sufficient to enable them to maintain separate suits against Defendant.

PLAINTIFF'S CLASS ACTION COMPLAINT-6

INDIA LIN BODIEN, ATTORNEY AT LAW
2522 NORTH PROCTOR STREET #387
TACOMA, WASHINGTON 98406-5338
Tel: (253) 212-7913
Fax: (253)276-0081

**FIRST CAUSE OF ACTION**
Implied Cause of Action Pursuant to RCW 49.12
Failure to Pay Hourly and Separate Wages for Time Spent on Statutory Rest Periods and
Apart from and in addition to the Piece-Rate Pay
In Violation of WAC 296-126-092(4)

25. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

26. Under the Supreme Court of Washington's decision in *Wingert v. Yellow Freight Systems, Inc.*, 146 Wash.2d 841 (2002), the statutory provisions set forth in RCW 49.12 entitle aggrieved employees to an implied cause of action for all unpaid wages against an employer, including wages owed to employees pursuant to properly promulgated regulations. *Id.* at 847-51.

27. WAC 296-126-092(4) provides that:

> (4) Employees shall be allowed a rest period of not less than 10 minutes, *on the employer's time*, for each 4 hours of working time. Rest periods shall be scheduled as near as possible to the midpoint of the work period. No employee shall be required to work more than three hours without a rest period. [...]

(emphasis added)

28. The words "on the employer's time" mean that the employer must compensate employees separately and hourly for their times spent taking rest periods authorized under these regulations. *Wingert*, 146 Wash.2d at 848; *Pellino v. Brink's Inc.*, 164 Wash.App. 668, 690 (2011) (extending the *Wingert* holding and logic to meal periods, concluding that meal periods must also be taken "on the employer's time" and must be compensated).

29. The Supreme Court of Washington likewise confirmed that the employer's obligation to pay wages for rest periods extends specifically to piece-rate workers. This means that WAC 296-131-020(2) and WAC 296-126-092(4) obligate an employer to pay separate and apart for rest periods to employees compensated on a piece-rate basis. *Demetrio v. Sakuma Bros. Farms, Inc.*, 183 Wash.2d 649, 659 (2015).

PLAINTIFF'S CLASS ACTION COMPLAINT-7

INDIA LIN BODIEN, ATTORNEY AT LAW
2522 NORTH PROCTOR STREET #387
TACOMA, WASHINGTON 98406-5338
Tel: (253) 212-7913
Fax: (253)276-0081

30. Given the clear enunciation in *Demetrio* of the requirements for separate pay for rest breaks to employees who are paid on a piece-rate basis, the United States District Court for the Western District of Washington in *Helde v. Knight Transportation* granted summary judgment to plaintiffs on their claim that Knight Transportation failed to pay separately and hourly for rest break time to its line drivers who were paid on a per-mile piece-rate basis, with no separate and hourly pay for rest break time. *See Helde v. Knight Transportation, Inc.*, 2016 WL 1687961, at *4 (W.D. Wash. Apr. 26, 2016). The holding of *Helde* is directly on point and applicable here.

31. Piece-rate workers are entitled to their regular rate of pay for rest break time. *Demetrio*, at 265-66.

32. It is also now clear that the ruling of *Demetrio v. Sakuma Bros. Farms*, applies retroactively. In *Helde*, the federal district court judge in applied Washington's general rule that "a new decision applies retroactively to both the litigants before the court and in subsequent litigation." *See Id.* (citing *McDevitt v. Harbor View Med. Ctr.*, 179 Wn.2d 59, 74-75 (2013) ("The Court finds that the general rule [that new decisions are retroactive] applies in this case. *Sakuma Bros.* did not overrule clear precedent regarding the interplay between a piece rate compensation scheme and the rest break requirement....Retroactive application of the requirement would in no way impede the policy objective that drove the *Sakuma Bros.* decision or WAC 296-126-092(4)...."). Furthermore, the Court in *Carranza, et al. v. Dovex Fruit Co.*, Case No. 2:16-cv-00054-SMJ, (E.D. Wash. January 19, 2017) Dkt. No. 38 (Order Regarding the Certification of Questions to the Washington Supreme Court) expressly held that *Demetrio* applies retroactively. ("Accordingly, the [*Demetrio*] decision does not constitute a new rule of law but rather a clarification of existing law").

33. As set forth *supra*, Plaintiff and Class Members were compensated on a per-mile piece-rate scheme. However, Defendant failed to pay Plaintiff and Class Members separate and apart from the piece rate for rest breaks during the class period, which is required by regulation under *Demetrio* and *Helde*.

PLAINTIFF'S CLASS ACTION COMPLAINT-8

INDIA LIN BODIEN, ATTORNEY AT LAW
2522 NORTH PROCTOR STREET #387
TACOMA, WASHINGTON 98406-5338
Tel: (253) 212-7913
Fax: (253) 276-0081

34. As a direct and proximate result of Defendant's violations and its willful intent to deprive Plaintiff and Class Members of wages owed, Defendant deprived Plaintiffs and Class Members of compensation in the amounts to be determined at trial.

### SECOND CAUSE OF ACTION
### Double Damages for Willful and Intentional Withholding of Wages Pursuant to RCW 49.52.050,070 Flowing from Cause of Action One

35. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

36. In *Wingert*, the Supreme Court also explicitly stated that employees are entitled to a claim under RCW 49.52.050, 070 for double damages where the employer willfully, and with intent to deprive, withheld wages owed pursuant to regulations. *Wingert v. Yellow Freight Systems, Inc.*, 146 Wash.2d 841, 847-51 (2002).

37. In failing to pay for rest period time, particularly after the issuance of *Demetrio*, Defendant acted willfully and with the intent of depriving its employees of the wages to which they were entitled under WAC 296-126-092(4).

38. As a direct and proximate result of Defendant's violations and its willful intent to deprive Plaintiffs and Class Members of wages owed, Plaintiffs and Class members are entitled to judgment for twice the amount of wages owed.

## VI. PRAYER FOR RELIEF

Wherefore, Plaintiffs, on behalf of themselves and the members of the Class, pray for judgment against Defendant UPS as follows:

A. An Order than this action may proceed and be maintained as a class action and certifying the Class as defined above for the Class Period defined above;

B. A declaratory judgment that Defendant willfully violated WAC 296-126-092(4) by failing to pay Plaintiffs and Class Members separate and hourly for rest periods during the Class

PLAINTIFF'S CLASS ACTION COMPLAINT-9

INDIA LIN BODIEN, ATTORNEY AT LAW
2522 NORTH PROCTOR STREET #387
TACOMA, WASHINGTON 98406-5338
Tel: (253) 212-7913
Fax: (253)276-0081

1 | Period and failing to make retro payments for unpaid rest period pay due and owed to Plaintiff and
2 | the Class Members; and

3 |     C.    An award to Plaintiffs and Class Members in the amount of their unpaid wages
4 | owed to them for their statutory rest periods;

5 |     D.    Exemplary damages in amounts equal to double the wages due to Plaintiffs and
6 | Class Members pursuant to RCW 49.52.050,070 for any time during the Class Period;

7 |     E.    Attorneys' fees and costs, as allowed by law, including RCW 49.48.030 and
8 | 49.52.070;

9 |     F.    Prejudgment interest; and

10 |     G.    All other relief this Court deems proper.

Dated this 11 day of May, 2017.

Respectfully submitted,
India Lin Bodien, Attorney at Law
Ackermann & Tilajef, P.C.

By: India Lin Bodien, WSBA #44898
INDIA LIN BODIEN, ATTORNEY AT LAW
2522 North Proctor Street, #387
Tacoma, Washington 98406-5338
Telephone: (253) 212-7913
Fascimile: (253)276-0081
india@indialinbodienlaw.com

*Craig J. Ackermann (CA State Bar No. 229832)
ACKERMANN & TILAJEF, P.C.
1180 South Beverly Drive, Suite 610
Los Angeles, California 90035
Telephone:  (310) 277-0614
Facsimile:  (310) 277-0635
cja@ackermanntilajef.com

*PRO HAC VICE MOTION FORTHCOMING

PLAINTIFF'S CLASS ACTION COMPLAINT-10

INDIA LIN BODIEN, ATTORNEY AT LAW
2522 NORTH PROCTOR STREET #387
TACOMA, WASHINGTON 98406-5338
Tel: (253) 212-7913
Fax: (253)276-0081