Charles N. Eberhardt, WSBA No. 18019
CEberhardt@perkinscoie.com
Chelsea Dwyer Petersen, WSBA No. 33787
CDPetersen@perkinscoie.com
Javier F. Garcia, WSBA No. 38259
JGarcia@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Attorneys for Defendant
UPS Ground Freight, Inc.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTOPHER A. SANTAMOUR, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UPS GROUND FREIGHT, INC., <br><br> Defendant. | No. 2:17-CV-0196-TOR <br><br> STIPULATED PROTECTIVE ORDER |

STIPULATED PROTECTIVE ORDER – 1

136152379.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## STIPULATION

Plaintiffs Christopher Santamour and John Peightal, by and through their undersigned counsel, and Defendant UPS Ground Freight, Inc. ("UPS Freight"), by and through its undersigned counsel, hereby agree to the entry of the Protective Order below.

DATED this 3rd day of October, 2017.

s/ Charles N. Eberhardt
Charles N. Eberhardt, WSBA No. 18019
CEberhardt@perkinscoie.com
Chelsea Dwyer Petersen, WSBA No. 33787
CDPetersen@perkinscoie.com
Javier F. Garcia, WSBA No. 38259
Jgarcia@perkinscoie.com
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Attorneys for Defendant United Parcel Service Ground Freight, Inc.

s/ India Lin Bodien
India Lin Bodien, WSBA No. 44898
India Lin Bodien, Attorney at Law
2522 North Proctor Street, #387
Tacoma, WA 98406-5338
Tel: (253) 212-7913
Fax: (253) 276-0081
Email:
india@indialinbodienlaw.com

s/ Craig J. Ackermann
Craig J. Ackermann (CA State Bar No. 229832)
Ackermann & Tilajef, P.C.
1180 South Beverly Drive, Ste 610
Los Angeles, CA 90035
Tel: (310) 277-0614
Fax: (310) 277-0635
Email: cja@ackermanntilajef.com

Attorneys for Plaintiffs

STIPULATED PROTECTIVE ORDER – 2

136152379.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# PROTECTIVE ORDER

Pursuant to FRCP 26(c) and the stipulation of the parties, the Court hereby enters the following Protective Order.

**1. <u>Confidential Matter</u>**

a. As used herein, "Confidential Matter" shall mean any document, information, or specific portions thereof, furnished in the course of litigation—during discovery or otherwise—that both (1) is marked or stamped by a party as "Confidential" in accordance with subsection 1(b) below, and (2) contains the following:

i. Non-public and private personal information, including documents containing personal financial information or contact information; or

ii. Confidential and proprietary business information that provides the party with a business advantage over its competitors. To the extent that documents relate to matters that UPS Freight takes significant steps to protect in its daily operations, such as through the use of non-disclosure and confidentiality agreements with its employees (if any), such information can be designated as Confidential Matter.

b. The determination of whether produced material is Confidential Matter shall be made in the first instance by the party from whom discovery is sought. Each party that designates information or documents for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify as Confidential Matter, so that other portions of the material, documents, items, or communication for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose expose the designating party to sanctions. The protections conferred by this Order do not cover information that is in the public domain or becomes part of the public domain through litigation or otherwise.

If there is a disagreement between the parties as to whether particular produced materials have been properly designated as Confidential, the dispute may be resolved by the Court as provided for in this Order.

c. All documents, information, or things deemed Confidential Matter by a party shall be marked or stamped as "Confidential" or, to the extent Confidential Matter is disclosed in a deposition, by designating such matter as described in Section 3.

d. Any documents or information not designated as "Confidential" shall be excluded from this Order, provided, however, that inadvertent production of any document or information without a "Confidential" designation shall not by itself be deemed a waiver of confidentiality as to such matter, and a party thereafter may designate the same as "Confidential" promptly upon being advised of or discovering the inadvertent disclosure. Disclosure by any party of such matter prior to notice of the confidential nature thereof shall not be deemed a violation of this Order.

e. Except as expressly provided for in this Order, Confidential Matter and any information contained therein shall not be communicated or disclosed in any manner, directly or indirectly, to any person or entity, and may be used only for the prosecution or defense of this litigation and for no other purpose.

STIPULATED PROTECTIVE ORDER – 4

136152379.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## 2. Permitted Disclosure of Confidential Matter

a. Confidential Matter may be disclosed to any party, to counsel for any party, and to other counsel and support staff assisting counsel in the conduct of this action, provided that Plaintiffs' counsel will only disclose Confidential Matter of other UPS Freight employees to the named Plaintiffs to the extent Plaintiffs' counsel deems necessary for the prosecution of this action. Confidential Matter may also be disclosed to the Court, Court personnel, and court reporters used in this litigation, provided the parties have followed the procedure set forth in Section 4. Nothing in this Order shall limit or prevent the use of any Confidential Matter in open court at hearings in, or during trial of, this action, provided, however, that such use shall not relieve the parties of their obligations to seek to file Confidential Matter under seal when called for by this Order.

b. Confidential Matter may be disclosed in good faith to third party experts and consultants retained by a party to assist in preparation, settlement, trial, or appeal of this action. Confidential Matter may also be disclosed to persons whose depositions are noted or potential trial witnesses, as well as their counsel, only to the extent counsel for the disclosing party determines in good faith that it is reasonably necessary to do so. Prior to the disclosure of any Confidential Matter to any permitted third party, the person to whom the disclosure is to be made shall agree in writing, or on the record in the case of a deposition, to be bound by the terms of this Order by, respectively, (1) signing an agreement in the form of Attachment A hereto or (2) making a representation on the deposition record.

c. Confidential Matter may also be disclosed to any other person upon written consent by the designating party.

STIPULATED PROTECTIVE ORDER – 5

136152379.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

### 3. Use in Depositions

A party may, either during a deposition or within thirty (30) days after receiving the deposition transcript, designate portions of that transcript, and exhibits thereto not already designated confidential, as "Confidential." Confidential Matter within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with substantially the following legend: "Confidential—subject to protection pursuant to court order."

### 4. Use in Briefs, Exhibits, Testimony, and Other Documents

The parties are free to designate any document not filed with the Court as "Confidential" and limit its dissemination and use. However, there is a strong presumption of public access to any document filed with the Court. Before filing Confidential Matter or discussing or referencing such Confidential Matter in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the Confidential designation, whether the Confidential Matter is both relevant and material to an issue before the Court, whether the document can be redacted to remove sensitive information that prompted its designation as Confidential Matter, or whether a motion to seal or stipulation and proposed order is warranted. (Any material filed with the Court must also be redacted as required by Federal Rule of Civil Procedure 5.2.) If agreement is not reached, the filing party may at its option either:

a. provide five court days' advance written notice to the designating party of the intent to submit Confidential Matter, identifying the specific Confidential Matter to be filed and the date of the filing, so that the designating party may file a motion to seal; if the designating party so moves on or before the date of filing, then the filing party shall redact Confidential Matter from his

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

or its public court filing (with an unredacted bench copy provided to chambers) or, if necessary, file documents containing Confidential Matter under seal; or

      b.      file a separate motion or stipulation seeking an order from the Court permitting the Confidential Matter to be filed under seal, so that the Court may make particular findings justifying the limitation on public access as may be appropriate.

      The burden is on the party proposing that a document be sealed to provide the needed information so that the Court can determine whether all, a portion, or none of the document may be filed under seal. Court findings and conclusions reflecting the same and authorizing any sealing or redaction must also be filed.

### 5. Confidentiality Challenge

If a party challenges the "Confidential" designation of any document or information, it shall so notify the designating party in writing and provide that party five (5) court days in which to consider the challenge. The parties agree that, during that period, they will make a good faith effort to resolve any disputes concerning the treatment of Confidential Matter. If the matter has not been resolved, the party advocating confidentiality must move for such protection under Rule 26(c) within ten (10) court days from the notification of the challenge, or the designation shall be deemed abandoned.

### 6. Termination

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the Court, trial, deposition, and

STIPULATED PROTECTIVE ORDER – 7

136152379.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Matter. To the extent retained documents contain Confidential Matter, this Order shall govern the use and disclosure of such documents.

The confidentiality obligations imposed by this Order shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

### 7. Modification

This Order may be modified in the event that the parties agree in writing to a modification of the provisions hereof or such modification is ordered by this Court. No party shall be prejudiced by having stipulated to this Order.

### 8. Remedies

The parties expressly acknowledge and agree that all remedies under FRCP 37 will be available to the Court, in its discretion, to sanction any violation of this Order.

### 9. Scope of Protective Order

Nothing in this Order restricts any party from using or disclosing its own Confidential Matter for any purpose. If a designating party files Confidential Matter, not under seal and without redaction, its designation shall be deemed abandoned. Entry of this Order does not foreclose further agreements by the parties to keep such documents, information, or things confidential or to apply to the Court for protection of other documents, information, or things.

*//*

*//*

*//*

STIPULATED PROTECTIVE ORDER – 8

136152379.3

### 10. Retention of Jurisdiction

The parties and any other person subject to the terms of this Order agree that this Court has and retains jurisdiction during this action and after this action is terminated for the purpose of enforcing this Order.

ENTERED this 13th day of October, 2017.

THOMAS O. RICE
Chief United States District Judge

STIPULATED PROTECTIVE ORDER – 9

136152379.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# ATTACHMENT A

# **AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER**

I, _____, hereby acknowledge that I have received a copy of the Stipulated Protective Order entered in the matter of *Santamour et al. v. UPS Ground Freight, Inc.*, in the United States District Court, Eastern District of Washington, No. 2:17-cv-00196-TOR. I have read and agree to be bound by all of the provisions of the Stipulated Protective Order. I agree (a) not to divulge any Confidential Matter to any other person and (b) not to use any Confidential Matter for any purpose other than this litigation. In addition, I consent to the jurisdiction and contempt power of United States District Court, Eastern District of Washington, with respect to the enforcement of the Stipulated Protective Order.

DATED: _____.

_____
Signature

_____
Print Name

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000