1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

THE HONORABLE THOMAS O. RICE
HEARING DATE: JUNE 26, 2018
WITHOUT ORAL ARGUMENT
MOVING PARTY

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

CHRISTOPHER A. SANTAMOUR and
JOHN KELLY PEIGHTAL, individually
and on behalf of all others similarly
situated,

            Plaintiffs,

v.

UPS GROUND FREIGHT, INC., a
Virginia Corporation,

            Defendant.

**CASE NO.:  2:17-CV-0196-TOR**

**PLAINTIFFS' NOTICE OF MOTION
AND MEMORANDUM IN SUPPORT
OF PLAINTIFFS' UNOPPOSED
MOTION FOR ORDER GRANTING
FINAL APPROVAL OF CLASS
ACTION SETTLEMENT**

Date:       June 26, 2018
Time:       1:30 pm
Judge:     Hon. Thomas O. Rice

- i -

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that, on June 26, 2018 at 9:00 a.m., in Courtroom 902 of the Thomas S. Foley U.S. Courthouse, 920 West Riverside Avenue, Spokane, Washington, before the Honorable Judge Thomas O. Rice, pursuant to Fed. R. Civ. P. 23(e), Plaintiffs Christopher A. Santamour and John Kelly Peightal (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, will and do hereby move this Court for entry of the Proposed Order filed concurrently herewith:

1. Finally certifying the Class, as defined in the settlement agreement ("Settlement Agreement") between Plaintiffs and Defendant UPS Ground Freight, Inc. ("Defendant") and the Court's Order Granting Preliminary Approval of Class Action Settlement;

2. Finally appointing Plaintiffs as the Class Representatives for purposes of settlement;

3. Finally appointing Ackermann & Tilajef, P.C. and India Lin Bodien, Attorney at Law, as Class Counsel;

4. Finding that notice of the settlement was properly provided to the Class in accordance with the Court's Order Granting Preliminary Approval;

5. Finally approving the settlement as fair, adequate, and reasonable, based upon the terms set forth in the Settlement Agreement and the results of the class notice

distribution process, including the allocation for attorneys' fees and litigation costs[1], Settlement Administrator expenses, and the Class Representative enhancement awards;

6. Binding all Class Members to the terms of the Settlement Agreement, including the Release specified therein; and

7. Retaining jurisdiction to enforce the Settlement Agreement for one year from the effective date of the settlement to enforce the terms of the settlement.

This motion is based upon this Notice of Motion and Motion; the Memorandum of Points and Authorities in Support of Final Approval; the declarations submitted herewith; the Court's Order Granting Preliminary Approval to the settlement; the other records, pleadings, and papers filed in this action; and upon such other arguments as may be presented to the Court.

---

[1] Plaintiffs' counsel filed a separate Notice of Motion and Motion for Order Granting Award of Attorneys' Fees and Costs on May 18, 2018, ECF No. 24, ("Attorneys' Fees Motion"). As stated in the Attorneys' Fees Motion, Plaintiffs' counsel is submitting a proposed Order with this motion for final approval of the class action settlement that simultaneously grants final approval to the proposed Settlement and to the request for fees, costs, settlement administration expenses, and the proposed enhancement awards.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Respectfully submitted,
ACKERMANN & TILAJEF, P.C.
INDIA LIN BODIEN, ATTORNEY AT LAW

Dated: June 14, 2018

_____
Co-Class Counsel for Plaintiffs and the class

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT

ACKERMANN & TILAJEF, P.C.
2602 NORTH PROCTOR ST. #205, TACOMA, WA 98406
P: (253) 507-4619    F: (253) 276-0081

## TABLE OF CONTENTS

I.  INTRODUCTION & RELIEF REQUESTED ...................................................... 8

II.  FACTUAL AND PROCEDURAL BACKGROUND ..................................... 10

    A.  Nature of this Action and the Settlement.............................................. 10

    B.  The Notice Procedures in the Preliminary Approval Order were Implemented ....... 11

    C.  The Response to the Distribution of the Class Notice Shows that the Class Members Uniformly Approve of the Settlement, Which is Fair and Reasonable ........... 13

III.  THE SETTLEMENT SHOULD BE FINALLY APPROVED AS IT MEETS ALL CRITERIA FOR FINAL APPROVAL................................................................ 16

    A.  Standard of Review ............................................................................. 16

    B.  The Likelihood of Success by Plaintiffs And The Risk, Expense, Complexity, and Likely Duration of Further Litigation................................... 18

    C.  The Extent of Discovery Completed and the Stage of Proceedings ....... 19

    D.  The Settlement Terms and Conditions ................................................. 20

    E.  The Presence of Good Faith Arms' Length Negotiation and Absence of Collusion ............................................................................................ 21

    F.  The Experience and Views of Counsel ................................................ 21

    G.  The Reaction of Settlement Class Members.......................................... 22

    H.  The Class Notice Process Was Adequate To Satisfy Due Process .......... 22

IV.  THE ATTORNEYS' FEES AND LITIGATION COSTS SOUGHT ARE FAIR AND REASONABLE AND SHOULD BE APPROVED.................................. 23

V.  THE COURT SHOULD FINALLY APPROVE THE REQUESTED CLASS REPRESENTATIVE SERVICE AWARDS................................................... 24

VI.  CONCLUSION.................................................................................... 27

- v -

1

2

# TABLE OF AUTHORITIES

3

## CASES

4

*Am. Safety Cas. Ins. Co. v. City of Olympia*, 162 Wn. 2d 762, 772, 174 P.3d
54, 59 (Wash. 2007)......................................................................16

5

6

*City of Seattle v. Blume*, 134 Wn.2d 243, 258, 947 P.2d 223, 230 (Wash.
1997) ..........................................................................................16

7

*Dale McMakin, Jr. v. Domino's Pizza LLC*, King County Superior Court
Case No. 16-2-20655-7 KNT (June 2, 2017)......................................15

8

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1988)...................... 17

9

*Jones v. Agilysys, Inc.* No. C 12-03516 SBA, 2014 WL 2090034, at *3 (N.D.
Cal. May 19, 2014) ......................................................................24

10

*Laguna v. Coverall N. Am. Inc.*, 753 F.3d 918 (9th Cir. 2014) ............17

11

*Lindholm v. Tate Transportation, Inc.*, Walla Walla County Superior Court
Case No. 17-2-00013-3 (June 29, 2017)............................................15

12

*Luna v. Household Fin. Corp. III*, 2007 Wash. App. LEXIS 216
*12……………………………………………………………………23

13

*Mandujano v. Basic Vegetable Prods, Inc.*, 541 F2d 832, 835 (9th Cir. 1976)....22

14

*Pelletz v. Weyerhaeuser Co.* (W.D. Wash. 2009)...................... 21, 22, 24, 26

15

*Pickett v. Holland Am Line-Westours, Inc.* (2001) .....................16, 17

*Radcliffe v. Experian Info. Solutions*, 715 F.3d 1157, 1164 (9th Cir, 2013) .........24

16

*Rannis v. Recchia*, 380 Fed.Appx. 646,650 (9th Cir.
2010)……………………………………………………………….23

17

*Rodriguez v. West Publishing Corp.*, 563 F.3d 948 (9th Cir. 2009)....................24

18

*Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994)
…………………………………………………………….23

19

*Torrisi v. Tuscon Elec. Power Co.*, 8 F.3d 1370, 1374 (9th Cir. 1993)................22

20

21

22

## RULES

RCW 49.12 ..................................................................................12

23

RCW 49.52 ..................................................................................12

24

WAC 296-126-092(4)....................................................................12

25

F.R.C.P 23 ..............................................................................16, 17

26

27

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT

ACKERMANN & TILAJEF, P.C.
2602 NORTH PROCTOR ST. #205, TACOMA, WA 98406
P: (253) 507-4619    F: (253) 276-0081

# OTHER AUTHORITIES

*Manual for Complex Litigation* (Fourth) ("MCL 4th") § 21.61 at 424 (2014)......17

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION & RELIEF REQUESTED

This motion seeks final approval of a wage-and-hour class action settlement (the "Settlement") for the non-reversionary Gross Settlement Amount ("GSA") of $305,834.00 between Plaintiffs Christopher A. Santamour and John Kelly Peightal ("Plaintiffs") and Defendant UPS Ground Freight, Inc. ("Defendant") (collectively the "Parties") for a settlement class of 133[2] current and former truck drivers who were employed by Defendant in the state of Washington and who were paid on a per-mile piece-rate basis from May 12, 2014 through February 3, 2018 ("the Class" or "Class Members").

Under the terms of the Settlement, which the Court has preliminarily approved, if the Court now grants final approval, all Class Members who did not timely and validly opt-out of the Settlement will share the Net Settlement Amount ("NSA") of $169,506.93 pro rata based on their Proportionate Share of the Settlement Proceeds. The following chart sets forth the allocation of the GSA pursuant to the Settlement:

//

---

[2] Pursuant to the Settlement Agreement and the Motion for Preliminary Approval of Class Action Settlement ("Preliminary Approval Motion"), the Parties anticipated the settlement class consisted of 126 members. However, it was discovered during the notice process that there are actually 133 total Class Members.

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

INDIA LIN BODIEN, ATTORNEY AT LAW
2522 NORTH PROCTOR ST. #387, TACOMA, WA 98406
P: (253) 212-7913    F: (253) 276-0081
INDIA@INDIALINBODIENLAW.COM

|  | Total Amount |
|---|---|
| Gross Settlement Amount | **$305,834.00** |
| Attorneys' Fees (25% of the GSA) | ($76,458.50) |
| Litigation Costs | ($10,000.00) |
| Settlement Administrator Costs | ($9,500.00) |
| Enhancement Awards ($7,500 Each) | ($15,000.00) |
| Estimated Employer Taxes | ($25,368.57) |
| Net Settlement Amount | **$169,506.93** |

As discussed below, following distribution of the Class Notice, ***there were no objections to the Settlement, and no Class Members opted out of the Class***. The absence of any objections or opt-outs raises a strong presumption that the Settlement is fair, reasonable, adequate, and in the best interests of the Class Members. Furthermore, the Settlement (1) is the product of arm's-length negotiations at a private mediation with David Rotman serving as the neutral, (2) was negotiated by experienced class action attorneys, (3) was reached after undertaking sufficient and thorough investigation necessary to evaluate the relative strength and value of the Class's claims and Defendant's defenses, and (4) reflects a reasoned compromise based directly on the relative strength and value of the class' claims, and the risks, expense, complexity and likely duration of further litigation. The Class Notice was disseminated in accordance with the notice plan described in the Settlement Agreement and the Court's Preliminary Approval Order [Declaration of Settlement Administrator Jennifer Mills ("JM Decl."), ¶¶ 3-9]. The results of the notice process underscore that final approval is warranted.

Accordingly, Plaintiffs respectfully request that the Court issue an Order that (1) the Settlement be finally approved; (2) Plaintiffs be appointed as Class Representatives; (3)

- 9 -

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT

INDIA LIN BODIEN, ATTORNEY AT LAW
2522 NORTH PROCTOR ST. #387, TACOMA, WA 98406
P: (253) 212-7913    F: (253) 276-0081
INDIA@INDIALINBODIENLAW.COM

Plaintiffs' attorneys be appointed as Class Counsel, and (4) that the payment amounts as set forth in the proposed Order be approved.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A. NATURE OF THIS ACTION AND THE SETTLEMENT

For the sake of brevity and the avoidance of redundancy, Plaintiffs refer the Court to Section II of Plaintiffs' Attorneys' Fees Motion and Sections II and III of Plaintiffs' Preliminary Approval Motion for a detailed account of the factual background surrounding this action prior to the Court's preliminary approval of the Settlement. In summary, Plaintiffs are Washington residents who were employed by Defendant as truck drivers during the Class Period, and Plaintiffs and the Class Members delivered freight for Defendant in Washington State. Declaration of Craig J. Ackermann in support of Plaintiffs' Motion for Preliminary Approval ("CJA PAM Decl."), ECF No. 17, ¶ 18(c). Plaintiffs filed this class action lawsuit on May 12, 2017 alleging that, since at least May 12, 2014, Defendant's drivers were not paid separately and hourly by Defendant for their time spent on statutory rest periods of ten minutes per every four hours of work. *Id.* ¶ 19.

Plaintiffs and Defendant both conceded the risk and inefficiency of continued litigation, and the Parties all elected to mediate this case on November 9, 2017, which resulted in a negotiated settlement. *Id.* ¶ 21. These arm's-length negotiations at mediation eventually resulted in a proposed lump sum settlement of $305,834.00 for the putative settlement class. The discussions between counsel during negotiations, and the informal discovery and mediation conducted in this matter, were sufficient to assess reliably the

- 10 -

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT

INDIA LIN BODIEN, ATTORNEY AT LAW
2522 NORTH PROCTOR ST. #387, TACOMA, WA 98406
P: (253) 212-7913    F: (253) 276-0081
INDIA@INDIALINBODIENLAW.COM

merits of the respective Parties' positions and to compromise the issues on a fair and equitable basis. After their own independent investigation and evaluation, Class Counsel determined that the settlement terms and conditions proposed during these negotiations were and are in the best interest of Plaintiffs and the Class Members. See Preliminary Approval Motion, ECF No. 16, Section V(C), and evidence cited therein.

On March 1, 2018, this Court issued an order granting preliminary approval of the Settlement (ECF No. 20, the "PA Order"). The Court provisionally certified, for the purpose of settlement, a class comprised of: all truck drivers or any similar positions employed by UPS Ground Freight, Inc. who resided in Washington State, drove at least one route of three or more hours within Washington State, and were paid on a per-mile basis by means of mileage pay from May 12, 2014 through February 3, 2018. PA Order, ECF No. 20, ¶ 3.

B. **THE NOTICE PROCEDURES IN THE PRELIMINARY APPROVAL ORDER WERE IMPLEMENTED**

In its Preliminary Approval Order, the Court approved the Class Notice and Share Form (collectively the "Notice Packet"), which were attached as Exhibit A to the Settlement Agreement and that describe the basic terms of the Settlement and the rights of Class Members to participate in the Settlement (by doing nothing), to exclude themselves from the settlement (by opting out), to challenge their Proportionate Share, or, if they wish, to object to the settlement while remaining in the Settlement (by submitting a written objection), and to appear and be heard at the final approval and fairness hearing. *See* PA

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

INDIA LIN BODIEN, ATTORNEY AT LAW
2522 NORTH PROCTOR ST. #387, TACOMA, WA 98406
P: (253) 212-7913    F: (253) 276-0081
INDIA@INDIALINBODIENLAW.COM

Order, ¶ 7; CJA PAM Decl., ECF No. 17 at 49-55 (Ex. A).   The Court directed the Settlement Administrator to issue the Notice Packet to the Class Members by first class mail. PA Order, ¶ 10. The Class Notice makes clear that, if Class Members do not exclude themselves from the Settlement, they will be bound by the Released Claims in the Settlement Agreement[3], and they will automatically receive their Proportionate Share of the Settlement Proceeds.

The procedures for disseminating notice to the Class Members established by the Preliminary Approval Order have been fully and properly executed. JM Decl., ¶¶ 3–9. Prior

---

[3] The Release Claims released by the Settlement Class Members are defined as "any and all claims raised in the Action, and all wage and hour claims arising from facts alleged in the Action, from May 12, 2014 through February 3, 2018, including but not limited to claims for rest breaks or rest break compensation, liquidated damages flowing from unpaid rest break compensation, and interest, whether founded on state, federal or local law (including the Fair Labor Standards Act), including but not limited to claims under Industrial Welfare Act (Chapter 49.12 RCW), WAC 296-126-092(4), and Chapter 49.52 RCW. CJA PAM Decl., Exhibit 1, ¶ 58. The "Released Parties" are: "Defendant and its former and current parents, subsidiaries, and affiliated corporations, and their respective officers, directors, employees, partners, shareholders, agents, insurers, employee benefit plans, and any other successors, assigns, or legal representatives. . . ." *Id.*

- 12 -

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT

INDIA LIN BODIEN, ATTORNEY AT LAW
2522 NORTH PROCTOR ST. #387, TACOMA, WA 98406
P: (253) 212-7913    F: (253) 276-0081
INDIA@INDIALINBODIENLAW.COM

to dissemination of the Class Notice, the Settlement Administrator, Rust Consulting, Inc., was provided data files from Defense Counsel containing names, last known addresses, Social Security numbers, and mileage data needed to calculate each Class Member's Proportionate Share of Settlement Proceeds. *Id.* ¶ 7. The Settlement Administrator used the information it received from Defendant regarding each Class Member to calculate each Class Member's Proportionate Share of the Settlement Proceeds.[4] Class Members had an opportunity to challenge the data used to calculate their estimated Settlement Share. *See* Declaration of Craig J. Ackermann in Support of Plaintiff's Motion for Order Granting Award of Attorneys' Fees and Costs ("CJA Fees Decl.,"), ECF No. 25, Exhibit A.

On April 16, 2018, in compliance with the Preliminary Approval Order, the Settlement Administrator sent the approved Notice Packets by first class U.S. mail to all Class Members. JM Decl., ¶ 9.

## C. THE RESPONSE TO THE DISTRIBUTION OF THE CLASS NOTICE SHOWS THAT THE CLASS MEMBERS UNIFORMLY APPROVE OF THE SETTLEMENT, WHICH IS FAIR

---

[4] Each Class Members' Proportionate Share was calculated based on the Participating Class Members' combined FDMP and Adjusted SLMP during the Class Period as a percentage of all Participating Class Members' combined FDMP and Adjusted SLMP during the Class Period, as reflected by the data provided to the Settlement Administrator by Defendant. CJA PAM Decl., Exhibit 1, ¶ 41(a).

- 13 -

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

INDIA LIN BODIEN, ATTORNEY AT LAW
2522 NORTH PROCTOR ST. #387, TACOMA, WA 98406
P: (253) 212-7913     F: (253) 276-0081
INDIA@INDIALINBODIENLAW.COM

**AND REASONABLE**

The response of the Class Members to the distribution of the Class Notice has been very positive:

> ➢ The Settlement Administrator, Rust Consulting, Inc., mailed the Notice Packet to 132 Class Members. Seven of the notices were returned as undeliverable, but were subsequently re-mailed to updated addresses following a skip trace. JM Decl., ¶ 10.  As a result, all but one of the Class Members received actual notice of the Settlement (over a 99% success rate) and the Class Notice summarizing the material terms of the Settlement. *Id.*

> ➢ Following distribution of the Class Notice to the Class, not a single Class Member has objected to the Settlement. *Id.* ¶ 15.

> ➢ Following distribution of the Class Notice to the Class, not a single Class Member has opted out of the Settlement. *Id.* ¶ 14.

> ➢ 133 Class Members[5] will participate in the settlement, and therefore the participation rate is an overwhelming **100%.** *Id.*

---

[5] One self-identifying Class Member, who was not included in the Class List, contacted Rust Consulting, Inc. to request inclusion in the Settlement Class. Information regarding this self-identifying Class Member was forwarded to Counsel for Defendant for research to determine if the self-identifying Class Member should be included in the Class. On or

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT

INDIA LIN BODIEN, ATTORNEY AT LAW
2522 NORTH PROCTOR ST. #387, TACOMA, WA 98406
P: (253) 212-7913    F: (253) 276-0081
INDIA@INDIALINBODIENLAW.COM

1
2
3
4
5

> After payment of the amount for the attorneys' fees and litigation costs, settlement administration costs, and the class representative service awards to the named Plaintiffs, each of the Class Members will receive their pro rata share from the total Net Settlement Amount of $169,506.93. *Id.* ¶ 18.

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

As a result, if the Court finally approves the settlement, the average individual Settlement payout among the 133 Class Members will be $1,274.49 ($169,506.93 Net Settlement Amount divided by 133 Class Members), and the maximum estimated payment to a Class Member will be $4,941.76. *Id.* ¶ 19. The amounts that will be recovered per Class Member compare favorably with the amounts recovered for class members in several similar cases handled by Plaintiffs' Counsel. For instance, in *Dale McMakin, Jr. v. Domino's Pizza LLC*, King County Superior Court Case No. 16-2-20655-7 KNT, the Honorable Richard McDermott granted final approval to a settlement on behalf of a class of 45 truck drivers with similar claims on June 2, 2017 where the average settlement payment per Class Member was $1,481.83 and the highest estimated settlement payment was $3,156.49. In *Aaron Lindholm v. Tate Transportation, Inc.*, Walla Walla County Superior Court Case No. 17-2-00013-3, for example, the Honorable John W. Lohrmann

24
25
26
27

about April 19, 2018, it was determined that the self-identifying Class Member should be added to the Settlement Class, increasing the total number of Participating Class Members to 133.

- 15 -

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

INDIA LIN BODIEN, ATTORNEY AT LAW
2522 NORTH PROCTOR ST. #387, TACOMA, WA 98406
P: (253) 212-7913    F: (253) 276-0081
INDIA@INDIALINBODIENLAW.COM

granted final approval to a settlement on behalf of a class of 73 truck drivers with similar claims on June 29, 2017, and the average settlement payment per Class Member was $547.95 and the highest estimated settlement payment was $1,342.98. Thus, the Class' response to the Settlement, and the results obtained, clearly support a Court Order granting final approval to the Settlement.

## III.   THE SETTLEMENT SHOULD BE FINALLY APPROVED AS IT MEETS ALL CRITERIA FOR FINAL APPROVAL

### A. STANDARD OF REVIEW

Approval of a class action settlement is considered against the backdrop of Washington's well-established policy favoring compromise over litigation. *See Am. Safety Cas. Ins. Co. v. City of Olympia*, 162 Wn. 2d 762, 772, 174 P.3d 54, 59 (Wash. 2007) ("Washington law strongly favors the public policy of settlement over litigation"); *City of Seattle v. Blume*, 134 Wn.2d 243, 258, 947 P.2d 223, 230 (Wash. 1997) ("[T]he express public policy of this state . . . strongly encourages settlement."). Indeed, in the class action context, the court's review "must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Pickett v. Holland Am. Line-Westours, Inc.*, 145 Wn.2d 178, 35 P.3d 351 (2001).

When considering a motion for final approval of a class action settlement under Rule

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT

INDIA LIN BODIEN, ATTORNEY AT LAW
2522 NORTH PROCTOR ST. #387, TACOMA, WA 98406
P: (253) 212-7913     F: (253) 276-0081
INDIA@INDIALINBODIENLAW.COM

23, a court must determine whether the settlement is "fundamentally fair." *Laguna v. Coverall N. Am. Inc.*, 753 F.3d 918, 923 (9th Cir. 2014) [quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1988)]. A settlement merits final approval when "the interests of the class are better served by the settlement than by further litigation." *Manual for Complex Litigation* (Fourth) ("MCL 4th"), § 21.61 at 424 (2014). Although Rule 23 imposes procedural requirements on the approval of a class settlement, a court's *only* role in reviewing the substance of a settlement is to ensure that it is "fair, adequate and free from collusion." *Hanlon*, 150 F.3d at 1027 (emphasis added). Where Plaintiffs face "real dangers in proceeding on their case," where "the class gain[s] significant benefits from the settlement," and where "Plaintiffs' lawyers receive fees that are overall reasonable," a class action settlement is "fair, reasonable, and adequate." *Laguna*, 753 F.3d at 925.

In determining whether a settlement is fair, reasonable and adequate, Washington courts generally consider the following factors: "the likelihood of success by plaintiffs; the amount of discovery or evidence; the settlement terms and conditions; recommendations and experience of counsel; future expense and likely duration of litigation; recommendation of neutral parties, if any; number of objectors and nature of objections; and the presence of good faith and the absence of collusion." *Pickett*, 145 Wn.2d at 188–89, 35 P.3d at 356. The list is not exhaustive and "[t]he relative degree of importance to be attached to any particular factor will depend upon and be dictated by the nature of the claim(s) advanced, the type(s) of relief sought, and the unique facts and circumstances presented by each individual case." *Id.* (internal quotation marks omitted). Applying the

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT

INDIA LIN BODIEN, ATTORNEY AT LAW
2522 NORTH PROCTOR ST. #387, TACOMA, WA 98406
P: (253) 212-7913     F: (253) 276-0081
INDIA@INDIALINBODIENLAW.COM

above factors, the proposed settlement embodies all of the key features of a settlement that is fair, reasonable, adequate, and in the best interests of the members of the class, and as such, meets all the criteria necessary for final approval.

## B. THE LIKELIHOOD OF SUCCESS BY PLAINTIFFS AND THE RISK, EXPENSE, COMPLEXITY, AND LIKELY DURATION OF FURTHER LITIGATION

Plaintiffs will not reiterate all of the evidence and legal arguments establishing the Settlement Agreement and the negotiation process that led up to the Court making a preliminary factual finding that it is fair and adequate, which are set forth in detail in Plaintiffs' Preliminary Approval Motion. However, it bears repeating that Defendant vigorously contested Plaintiffs' allegations that Defendant engaged in a systematic course of unlawful conduct with respect to truck drivers who were paid on a piece-rate basis and not paid separately and hourly for rest periods in addition to the per-mile piece-rate pay. For example, Defendant raised several defenses that could lead a court to deny class certification, decline to find liability, rule in Defendant's favor on the merits, and/or significantly reduce damages which were detailed in the Motion (*See* Plaintiffs' Preliminary Approval Motion, § V(C); CJA PAM Decl., ¶¶ 26–35). Significantly, in addition to the other defenses Defendant asserted, Defendant pointed to the threat of legislative action—including pending Congressional efforts to federally preempt state meal and rest break laws which, if they ever pass, would effectively render Plaintiffs' claims

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT

INDIA LIN BODIEN, ATTORNEY AT LAW
2522 NORTH PROCTOR ST. #387, TACOMA, WA 98406
P: (253) 212-7913     F: (253) 276-0081
INDIA@INDIALINBODIENLAW.COM

worthless.[6] *Id.* ¶¶ 29–31. Under this Settlement, Class Members will avoid all those risks and obstacles to recovery, and receive substantial benefits expeditiously.

## C. THE EXTENT OF DISCOVERY COMPLETED AND THE STAGE OF PROCEEDINGS

The settlement ultimately reached by the parties was the product of Class Counsel's review of an extensive body of information, documents, and damages calculations based thereon. CJA PAM Decl., ¶¶ 20–22. The information and documents included, among other things, Plaintiffs' personnel files, itemized wage statements, and driver logs; Defendant's class lists of union and non-union drivers, as well as payout charts for the

———————————————

[6] See, e.g., https://www.overdriveonline.com/trucker-breaks-and-pay-infrastructure-bill-fmcsa-boss-confirmation-on-tap-as-congress-returns/ ("Trucking trade groups . . . signaled they intended to leverage Republican control in Washington to enact laws prohibiting states from requiring carriers to give drivers paid meal and rest breaks. The move would rein in states' ability to interfere with drivers' federally prescribed work schedules, seeking to reassert the federal government's role in regulating drivers' hours of service and protect carriers from expensive lawsuits."). Such legislation is currently before Congress embedded within several of the 2018 appropriation bills.  Of course, Congress could fund the various government agencies through continuing resolutions or pass legislation that does not contain the retroactive preemption language, as happened in 2015, 2016 and 2017.

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT

INDIA LIN BODIEN, ATTORNEY AT LAW
2522 NORTH PROCTOR ST. #387, TACOMA, WA 98406
P: (253) 212-7913    F: (253) 276-0081
INDIA@INDIALINBODIENLAW.COM

Class Period; Defendant's Driver Orientation Manual and Employee Reference Guide documents; additional wage statements and a randomized sample of fifteen non-union drivers' DOT driver logs; and the National Master UPS Freight Collective Bargaining Agreement. *Id.* ¶ 20. Based on the foregoing data, information, and documents, as well as numerous discussions with Defendant's counsel, Class Counsel was able to calculate and reasonably discount the total estimated potential damages for the Class, as set forth in the preliminary approval motion papers. *Id.* ¶¶ 24–25. As a result, Class Counsel is confident that a fair and reasonable settlement was obtained for the Class given the totality of the circumstances.

## D. THE SETTLEMENT TERMS AND CONDITIONS

The terms and conditions of the Settlement, which were submitted to and reviewed by the Court, are reasonable and fair to the Class. The Court preliminarily approved the Settlement's terms, and the lack of any objectors or requests for exclusion from the Settlement after the Settlement notice dissemination process supports the finding that the Class Members are satisfied with the fair and reasonable terms of the Settlement as well. Although Plaintiffs' counsel calculated the total amount owed for unpaid rest periods to the Class to be approximately $391,838.63, exclusive of interest and double damages, Plaintiffs agreed to resolve this matter for $305,834.00, or approximately 78% of the total

- 20 -

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT

INDIA LIN BODIEN, ATTORNEY AT LAW
2522 NORTH PROCTOR ST. #387, TACOMA, WA 98406
P: (253) 212-7913    F: (253) 276-0081
INDIA@INDIALINBODIENLAW.COM

amount at issue,[7] excluding penalties and interest, in large part because of Defendant's potential defenses and the other risks involved in litigating this case. The Settlement is fair and reasonable in light of these considerations.

### E. THE PRESENCE OF GOOD FAITH ARMS' LENGTH NEGOTIATION AND ABSENCE OF COLLUSION

The settlement was the product of extensive arm's-length negotiations at a mediation presided over by David A. Rotman on November 9, 2017. CJA PAM Decl., ¶ 21. Though cordial and professional, the settlement negotiations were adversarial and non-collusive, and conducted by counsel deeply familiar with class action litigation. The settlement reached is the product of substantial effort by the parties and their counsel.

### F. THE EXPERIENCE AND VIEWS OF COUNSEL

Where Class Counsel are qualified and well-informed, their opinion that a settlement is fair, reasonable, and adequate is entitled to significant weight. *See Pelletz v. Weyerhaeuser Co.*, 255 F.R.D. 537, 543 (W.D. Wash. 2009). Plaintiffs' Counsel and

---

[7] According to Plaintiffs' counsel's review of Defendant's records, $391,838.63 is the total amount owed for unpaid rest periods to the Class, exclusive of interest or double damages. *See* CJA PAM Decl., ¶ 24 (providing a full explanation of how Plaintiffs calculated its estimated class wide damages based on the data and records provided by Defendant).

Defense Counsel are experienced class action and employment attorneys, and have used their experience and expertise in fashioning a Settlement Agreement that is acceptable to both parties. CJA Decl., ¶ 6. Class Counsel maintains that the settlement is fair and reasonable. *Id.*

## G. THE REACTION OF SETTLEMENT CLASS MEMBERS

A positive response to a settlement by the class, as evidenced by the fact that there are no exclusions or objections, further supports final approval. *See Pelletz*, 255 F.R.D. at 543. As discussed above, all but one Class Member received actual notice of the Settlement, and no Class Members objected to or opted-out of the Settlement. Accordingly, 133 Class Members will participate in the Settlement and share the Net Settlement Amount in accordance with their Proportionate Share. It is now clear that the Class supports the Settlement, since the entire Class will participate in the settlement.

## H. THE CLASS NOTICE PROCESS WAS ADEQUATE TO SATISFY DUE PROCESS

The Court-approved Notice Packet, and the distribution process described above, adequately protected the due-process rights of the absent Class Members. Notice of a class action settlement is adequate where notice is given in a "form and manner that does not systematically leave an identifiable group without notice." *Mandujano v. Basic Vegetable Prods, Inc.*, 541 F.2d 832, 835 (9th Cir. 1976). The notice should be the best "practicable under the circumstances including individual notice to all members who can be identified through reasonable effort." *Torrisi v. Tuscon Elec. Power Co.*, 8 F.3d 1370, 1374 (9th Cir. 1993). The Notice Packet and distribution process here, which was approved by the Court

- 22 -

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT

INDIA LIN BODIEN, ATTORNEY AT LAW
2522 NORTH PROCTOR ST. #387, TACOMA, WA 98406
P: (253) 212-7913     F: (253) 276-0081
INDIA@INDIALINBODIENLAW.COM

in its Preliminary Approval Order, fully satisfied these standards. The Settlement Administrator reports that there was only one undeliverable Class Notices after remailing, thus, all Class Members were sent the Class Notice and over 99% of the Class Members received the Notice Packets and actual notice of the settlement. JM Decl., ¶ 10. Under the rules governing class actions, reasonable efforts must be made to reach all class members through the notice plan for distribution of the Class Notice, but each individual in the Class need not actually receive the Class Notice. *See Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994) (holding that Fed. R. Civ. P. 23 requires Class Notices to be distributed in the "best practicable" manner, but that such notices need not be "actually received."); *see also Rannis v. Recchia*, 380 Fed. Appx. 646, 650 (9th Cir. 2010); *Luna v. Household Fin. Corp. III*, 2007 Wash. App. LEXIS 216, *12 (Wash. Ct. App. Feb. 12, 2007). The Class Notice here explained the proposed Settlement and rights of Class Members with respect to participating in the Settlement and receiving a Settlement Share, opting out, filing written objections, and/or arranging to appear at the final settlement fairness hearing. *See* CJA Fees Decl., Exhibit A. As discussed above, no Class Members objected to the Settlement or requested exclusion from the Settlement.

## IV.    THE ATTORNEYS' FEES AND LITIGATION COSTS SOUGHT ARE FAIR AND REASONABLE AND SHOULD BE APPROVED

Plaintiffs further seek final approval of an award of attorneys' fees to Class Counsel in the total combined amount of $76,458.50 (i.e. 25% of the Gross Settlement Amount), plus reimbursement of actual litigation costs of $10,000.00. *See* Attorneys' Fees Motion,

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT

INDIA LIN BODIEN, ATTORNEY at LAW
2522 NORTH PROCTOR ST. #387, TACOMA, WA 98406
P: (253) 212-7913    F: (253) 276-0081
INDIA@INDIALINBODIENLAW.COM

¶ 4. For the reasons stated in the Attorneys' Fees Motion, these requested payments for fees and cost reimbursements should be finally approved.

## V.    THE COURT SHOULD FINALLY APPROVE THE REQUESTED CLASS REPRESENTATIVE SERVICE AWARDS

Finally, Plaintiffs request approval of the proposed $15,000.00 in total Class Representative Service Awards ($7,500.00 to both of the Class Representatives). These proposed awards, to which no Class Member has objected, are intended to recognize the time, effort, and risk that Plaintiffs undertook in bringing this case and helping to secure the relief obtained for the members of the Class. Service awards compensating named plaintiffs for work done on behalf of the class attempt to account for financial or reputational risks associated with litigation, and to promote the public policy of encouraging individual plaintiffs to undertake the responsibility of representative lawsuits. *See Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 958–59 (9th Cir. 2009); *Pelletz*, 592 F.Supp.2d at 1329 ("The trial court has discretion to award incentives to the class representatives."). In reviewing whether an incentive award is appropriate, the court should take into account "the actions the plaintiff has taken to protect the interests of the class, the degree in which the class has benefitted from those actions . . . [and] the amount of time and effort the plaintiff expended in pursuing the litigation." *Jones v. Agilysys, Inc.*, No. C 12-03516 SBA, 2014 WL 2090034, at *3 (N.D. Cal. May 19, 2014) (quoting *Staton*, 327 F.3d at 931). Incentive awards are generally approved so long as the awards are reasonable and do not undermine the adequacy of the class representatives. *See Radcliffe v. Experian*

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT

INDIA LIN BODIEN, ATTORNEY AT LAW
2522 NORTH PROCTOR ST. #387, TACOMA, WA 98406
P: (253) 212-7913    F: (253) 276-0081
INDIA@INDIALINBODIEN.COM

*Info. Solutions*, 715 F.3d 1157, 1164 (9th Cir. 2013) (finding incentive award must not "corrupt the settlement by undermining the adequacy of the class representatives and class counsel").

Here, the service awards are warranted based on the amount of time Plaintiffs have spent on behalf of the Class; the fact that Plaintiffs have made their private employment information public, and may perhaps bear the stigma for bringing a class-action wage dispute against their former employer; the fact that Plaintiffs have provided a "general release" of their claims, which is much broader than the "Released Claims" given by the Class in the Settlement; and the fact that Plaintiffs subjected themselves to the financial risks associated with litigation, including the risk of being liable for Defendant's litigation costs. CJA Decl., ¶ 9; CJA PAM Decl., ¶ 39.

Plaintiffs provided invaluable assistance to Class Counsel and the Class in this case, including providing factual background for the proposed mediation and the Class Complaint; participating in phone calls to discuss litigation and settlement strategy; providing relevant documents; personally attending and actively participating in the November 9, 2017 mediation in San Francisco, California; and reviewing the settlement documents. CJA Decl., ¶ 9; CJA PAM Decl., ¶ 39. Plaintiffs agreed to participate in this case with no guarantee of personal benefit. *Id.*

Moreover, the requested Service Award payments to the Plaintiffs are modest and reasonable from the standpoint of the overall settlement fund created by Plaintiffs' efforts. The proposed Service Awards are clearly within a range deemed reasonable in the wage-

- 25 -

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

INDIA LIN BODIEN, ATTORNEY AT LAW
2522 NORTH PROCTOR ST. #387, TACOMA, WA 98406
P: (253) 212-7913    F: (253) 276-0081
INDIA@INDIALINBODIENLAW.COM

and-hour class action context. *See Pelletz*, 592 F.Supp.2d at 1329-30 & n.9 (approving $7,500 incentive awards where named plaintiffs assisted Class Counsel, responded to discovery, and reviewed settlement terms, and collecting decisions approving awards ranging from $5,000 to $40,000). Thus, it is respectfully requested that the Court approve the requested Class Representative Service Awards of $7,500.00 each to the named Plaintiffs, in addition to their portion of the Settlement.

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

- 26 -

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

INDIA LIN BODIEN, ATTORNEY AT LAW
2522 NORTH PROCTOR ST. #387, TACOMA, WA 98406
P: (253) 212-7913    F: (253) 276-0081
INDIA@INDIALINBODIENLAW.COM

## VI.    <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs hereby respectfully request that the Court finally approve the Settlement in the form of the Proposed Order Granting Final Approval submitted herewith, including the Gross Settlement Amount, the proposed attorneys' fees and costs, the settlement administration fees, and the class representative service payments.

Respectfully Submitted,



Date: June 14, 2018                     By:_____
India Lin Bodien, WSBA No. 44898
India Lin Bodien, Attorney at Law
2522 North Proctor St. #387
Tacoma, WA 98406
P: (253) 212-7913
F: (253) 276-0081
india@indialinbodienlaw.com

Craig J. Ackerman, WSBA No. 53330
ACKERMANN & TILAJEF, P.C.
1180 South Beverly Drive, Suite 610
Los Angeles, California 90035
Telephone: (310) 277-0614
Facsimile: (310) 277-0635
cja@ackermanntilajef.com

*Attorneys for Plaintiffs and the Putative Class*

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT

INDIA LIN BODIEN, ATTORNEY AT LAW
2522 NORTH PROCTOR ST. #387, TACOMA, WA 98406
P: (253) 212-7913    F: (253) 276-0081
INDIA@INDIALINBODIENLAW.COM

## DECLARATION OF SERVICE

I, Amanda Lutsock, declare under penalty of perjury under the laws of the State of Washington that, on the 14th day of June, 2018, I caused to be delivered to the following addresses a copy of the foregoing Motion, accompanying Declarations, along with the Proposed Order, to the Defendant in the manner indicated below:

Charles Ebernhardt, Esq.  [X] By ECF
Chelsea Dwyer Peterson, Esq.  [X] By US MAIL
Javier F. Garcia, Esq.  [ ] By Legal Messenger
Perkins Coie, LLP  [ ] By Facsimile
1201 3rd Ave.  [X] By Email
Seattle, WA 98101
cebernhardt@perkinscoie.com
cdpetersen@perkinscoie.com
jgarcia@perkinscoie.com
*Attorney for Defendant*

Dated this 14th day of June, 2018, at Tacoma, Washington.

_____
Amanda Lutsock
Legal Assistant

- 28 -

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT

INDIA LIN BODIEN, ATTORNEY AT LAW
2522 NORTH PROCTOR ST. #387, TACOMA, WA 98406
P: (253) 212-7913    F: (253) 276-0081
INDIA@INDIALINBODIENLAW.COM