# IN THE UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTOPHER A. SANTAMOUR and JOHN KELLY PEIGHTAL, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UPS GROUND FREIGHT, INC., a Virginia Corporation,<br><br>Defendant. | **CASE NO.: 2:17-CV-0196-TOR**<br><br>**[PROPOSED] ORDER GRANTING UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date: June 26, 2018<br>Time: 1:30 pm<br>Judge: Hon. Thomas O. Rice |

On June 26, 2018, the Court held a hearing on the motion of plaintiffs Christopher A. Santamour and John Kelly Peightal ("Plaintiffs") for Final Approval of Class Action Settlement with Defendant UPS Ground Freight, Inc. ("Defendant"),[1] including Plaintiffs' motion for final approval of the Class Representative Service Awards, Class Counsel's attorneys' fees and litigation costs, and the settlement administrator's fees.

The Court has reviewed the Class Notice and related forms and the notice procedures that the parties implemented in accordance with the Court's Order on Plaintiffs' motion for preliminary approval of the class action settlement. The Court finds that Class Members have duly been given notice of the Settlement, the opportunity to contest their Proportionate Share of the Settlement Proceeds as specified on their Share Forms, and the opportunity to exclude themselves from the Settlement, and/or to comment on or object to the Settlement or any of its terms. Having read and considered the Settlement, the papers filed in support of Plaintiffs' unopposed motion for final approval, and Plaintiffs' and Class Counsel's papers requesting final approval of the Class Representative Service Awards, Class Counsel's attorneys' fees and costs, and the settlement administrator's fees, and the evidence and argument received by the Court on this motion, the Court GRANTS final approval of the Settlement and ORDERS AND MAKES THE FOLLOWING FINDINGS AND DETERMINATIONS:

1. All terms used in this Order and Final Judgment Granting Final Approval of Class Action Settlement and Attorneys' Fees and Costs (the "Order") shall have the same

---

[1] Plaintiffs and Defendant are referred to collectively as the "Parties."

meanings given those terms in the parties' Settlement Agreement (the "Settlement" or "Agreement"). A copy of the Agreement is attached as Exhibit 1 to the Declaration of Craig Ackermann in Support of the Motion for Preliminary Approval of Class Settlement and is made a part of this Order.

2. The Court is satisfied that Rust Consulting, Inc., which functioned as the Settlement Administrator, completed the distribution of Class Notice and Share Form to the Class in a manner that is constitutionally sound. The Class Notice was sent to all of the disclosed Class Members advising them of the Settlement terms, their right to opt-out, their right to comment on or object to the Settlement, and their right to appear at the Final Approval Hearing, and be heard regarding approval of the Settlement. Adequate periods of time to respond and to act were provided by each of these procedures. No Class Members filed written objections to the Settlement as part of this notice process, and no Class Members filed a written statement of intention to appear at the Final Approval Hearing.

3. For settlement purposes only, the Court certifies the Class, as defined in the Agreement and the Court's order granting preliminary approval of the Settlement, as follows: all truck drivers or any similar positions employed by UPS Ground Freight, Inc. who resided in Washington State, drove at least one route of three or more hours within Washington State, and were paid on a per-mile basis by means of mileage pay from May 12, 2014 through February 3, 2018.

4. The Court deems this definition sufficient solely for the purpose of effectuating the Settlement.

5. The Court appoints Plaintiffs as Class Representatives, and India Lin Bodien

of India Lin Bodien, Attorney at Law, and Craig J. Ackermann and Brian W. Denlinger of Ackermann & Tilajef, P.C. as adequate class counsel.

6. The terms of the Agreement, including the gross settlement amount of $305,834.00 and the individual Settlement Shares, are fair, adequate, and reasonable to the Class and to each Participating Class Member, and the Courts grants final approval of the Settlement set forth in the Agreement. The Court orders the Parties to comply with and carry out all terms and provisions of the Settlement, to the extent that the terms thereunder do not contradict or conflict with this Order and Judgment, in which case the provisions of this Order and Judgment shall take precedence and supersede the Settlement.

7. There were no objections to the settlement filed or submitted, and no Class Member requested exclusion from the Settlement.

8. The $9,500.00 designated for payment to Rust Consulting, Inc., the Settlement Administrator, is fair and reasonable. The Court grants final approval of, and orders the Parties to make the payment to the Settlement Administrator in accordance with the Agreement.

9. The $76,458.50 amount requested by Plaintiffs and Class Counsel for the Class Counsel's attorneys' fees is fair and reasonable. The Court grants final approval of, awards, and orders the Class Counsel Fees Payment to be made in accordance with the Agreement.

10. The $10,000.00 amount requested by Plaintiffs and Class Counsel for Class Counsel's litigation costs is fair and reasonable. The Court grants final approval of, awards, and orders the Class Counsel cost reimbursement to be made in accordance with the

Agreement.

11. The $15,000.00 amount requested by the Class Representatives for the Class Representative Service Awards ($7,500.00 to both of the named Plaintiffs) is fair and reasonable. The Court grants final approval of, and orders the Class Representative Service Awards to be made in accordance with the Agreement.

12. Nothing in the Settlement or this Order purports to extinguish or waive Defendant's rights to continue to oppose the merits of the claims in this Action or class treatment of these claims in this case if the Settlement fails to become Final or effective, or in any other case without limitation. The Settlement is not an admission by Defendant, nor is this Order and Judgment a finding of the validity of any allegations against Defendant or any wrongdoing by Defendant. Neither the Settlement nor this Order and Court Judgment is a finding that certification of the Class is proper for any purpose or proceeding other than for settlement purposes in this proceeding.

13. Since no requests for exclusion were submitted, 133 Class Members shall be bound by the Settlement and this Order, including the release of claims in favor of Defendant and the other Released Parties[2] as set forth in the Agreement, and are permanently barred from prosecuting against Defendant and the other Released Parties any

---

[2] "Released Parties" are defined in Paragraph 57 of the Settlement Agreement, as follows: "…Defendant and its former and current parents, subsidiaries, and affiliated corporations, and their respective officers, directors, employees, partner, shareholders, agents, insurers, employee benefit plans, and any other successors, assigns, or legal representatives. . . ."

and all of the Released Claims by Class Members,[3] as defined in the Agreement.

14. Plaintiffs are bound to the general release of claims in favor of Defendant and the other Released Parties as set forth in the Agreement, and permanently barred from prosecuting against Defendant and the other Released Parties any and all of the Released Claims by Class Representatives.[4]

---

[3] "Released Claims by Class Members" are defined in Paragraph 58 of the Settlement Agreement as follows: ". . . any and all claims raised in the Action, and all wage and hour claims arising from facts alleged in the Action, from May 12, 2014 through February 3, 2018, including but not limited to claims for unpaid rest breaks or rest break compensation, liquidated damages flowing from unpaid rest break compensation, and interest, whether founded on state, federal or local law (including the Fair Labor Standards Act), including but not limited to claims under the Industrial Welfare Act (RCW 49.12 RCW), WAC 296-126-092(4), and Chapter 49.52 RCW. This Release does not release any claims that the law does not permit each Participating Class Member to release."

[4] "Released Claims by Class Representatives" are defined in Paragraph 57 of the Settlement Agreement as follows: ". . . all known and unknown claims, promises, causes of action, or similar rights of any type that they presently may have with respect to any Released Party . . . . The Released Claims might arise under many different foreign, domestic, national, state, or local laws (including statutes, regulations, other administrative guidance, and common law doctrines), such as federal and state anti-discrimination statutes, and other laws such as those providing recourse for alleged wrongful discharge, tort, personal injury,

- 6 -
ORDER FINALLY APPROVING CLASS ACTION SETTLEMENT

15. Class Counsel and any counsel associated with Class Counsel are bound to the release of claims in favor of Defendant and the other Released Parties as set forth in the Agreement, and are permanently barred from prosecuting against Defendant and the other Released Parties any and all of Class Counsel's Released Claims as defined in the Agreement.

16. The Parties shall bear his, its, or their own respective attorneys' fees and costs except as otherwise provided in the Settlement.

17. The Court enters Final Judgment based on the terms of the settlement and this Order. The Court retains jurisdiction solely for purposes of enforcing the Agreement, addressing settlement administration matters, and addressing such post-Judgment matters as may be appropriate under court rules or applicable law.

**IT IS SO ORDERED.**


DATED: _____ _____
THE HONORABLE THOMAS O. RICE
JUDGE OF THE U.S. DISTRICT COURT FOR THE
EASTERN DISTRICT OF WASHINGTON

---

emotional distress, fraud, negligence, defamation, and similar or related claims, as well as those related to compensation, pay deductions, tax treatment of earnings, wage disputes of any nature (including those pursuant to the Fair Labor Standards Act), penalties, liquidated damages, punitive damages, attorneys' fees, benefits, and family and medical leave rights. Plaintiffs' release includes, but is not limited to, all claims that were made, or could have been made, against the Released Parties in the Action. . . ."

Presented by:

INDIA LIN BODIEN, ATTORNEY AT LAW
ACKERMANN & TILAJEF, PC

_____
INDIA LIN BODIEN, WSBA NO. 44898
CO-COUNSEL FOR PLAINTIFF AND THE SETTLEMENT CLASS