1

2

3

4

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTOPHER A. SANTAMOUR and JOHN KELLY PEIGHTAL, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>    v.<br><br>UPS GROUND FREIGHT, INC., a Virginia Corporation,<br><br>                    Defendant. | NO. 2:17-CV-0196-TOR<br><br>ORDER GRANTING UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND GRANTING MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS |

BEFORE THE COURT are Plaintiffs' Unopposed Motion for Order

Granting Final Approval of Class Action Settlement (ECF No. 28) and Motion for

Order Granting Award of Attorneys' Fees and Costs (ECF No. 24). These matters

were heard with oral argument on June 26, 2018. The Court has reviewed the

record and files herein, and is fully informed. For the reasons discussed below,

Plaintiffs' Unopposed Motion for Order Granting Final Approval of Class Action

ORDER GRANTING UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT AND GRANTING MOTION FOR AWARD
OF ATTORNEYS' FEES AND COSTS ~ 1

Settlement (ECF No. 28) is **GRANTED** and Plaintiffs' Motion for Order Granting

Award of Attorneys' Fees and Costs (ECF No. 24) is **GRANTED**.

## BACKGROUND

Plaintiffs Christopher A. Santamour, John Kelly Peightal, and others

similarly situated brought this class action on behalf of 133[1] Washington State

residents employed by Defendant UPS Ground Freight, Inc. as truck drivers paid

on a per-mile piece rate basis from May 12, 2014 through February 3, 2018 ("class

period").  ECF No. 16 at 5.  Plaintiffs allege that Defendant failed to pay hourly

and separate wages for time spent on statutory rest periods and apart from and in

addition to the piece-rate pay in violation of Washington Administrative Code

("WAC") 296-126-092(4).  ECF Nos. 1-2 at ¶¶ 25-34; 16 at 5.  Plaintiffs also

allege willful and intentional withholding of wages pursuant to RCW 49.52.050

and 49.52.070.  ECF Nos. 1-2 at ¶¶ 35-38; 16 at 5.

On February 9, 2018, the parties sought preliminary approval of their class

action settlement and moved the Court to schedule a final fairness hearing.  ECF

---

[1]    The parties originally anticipated the Settlement Class consisted of 126

members, but discovered during the notice process that there are 133 total Class

Members.  ECF No. 28 at 8 n.2.

ORDER GRANTING UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT AND GRANTING MOTION FOR AWARD
OF ATTORNEYS' FEES AND COSTS ~ 2

No. 16.  On March 1, 2018, the Court granted the motion for preliminary approval and certified the proposed class.  ECF No. 20.

On May 18, 2018, Plaintiffs filed a request for an award of attorneys' fees and costs.  ECF No. 24.  On June 14, 2018, Plaintiffs filed an unopposed motion for final approval of class action settlement.  ECF No. 28.

## DISCUSSION

### I.    Approval of Class Action Settlement

Approval of a proposed class action settlement is governed by Federal Rule of Civil Procedure 23(e).  Under Rule 23(e), approval of a proposed settlement "must be accompanied by a finding that the settlement is 'fair, reasonable, and adequate.'"  *Lane v. Facebook, Inc.*, 696 F.3d 811, 818 (9th Cir. 2012) (quoting Fed. R. Civ. P. 23(e)).  In determining whether a settlement meets this requirement, a court must "evaluate the fairness of a settlement as a whole, rather than assessing its individual components."  *Id.* at 818-19.  "Although Rule 23 imposes strict procedural requirements on the approval of a class settlement, a district court's only role in reviewing the substance of that settlement is to ensure that it is fair, adequate, and free from collusion."  *Id.* at 819 (quotation and citation omitted).

To assess the fairness of a settlement, the court looks to the following *Churchill* factors:

> (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action

ORDER GRANTING UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND GRANTING MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS ~ 3

status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed, and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement.

*Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 963 (9th Cir. 2009) (citation omitted); *Churchill Vill., L.L.C., v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)). Additionally, "the settlement may not be the product of collusion among the negotiating parties." *Churchill*, 361 F.3d at 576.

These factors are not exclusive. *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1376 (9th Cir. 1993). The court may also consider: (1) the advantages of settlement versus the probable outcome of a trial; (2) the extent of participation in the settlement negotiations by class members and by a judge; (3) a settling party's ability to satisfy its financial obligations under the settlement agreement as compared to its ability to pay a potential judgment; (4) the reasonableness of any provisions for an award of attorney's fees; (5) the fairness and reasonableness of the procedure used to calculate payment of individual claims; and (6) the apparent intrinsic fairness of the settlement terms. *See Manual for Complex Litigation* (Fourth) § 21.62.

For the reasons discussed below, the Court concludes that the proposed settlement satisfies the requirements of Rule 23(e).

ORDER GRANTING UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND GRANTING MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS ~ 4

1
2

**A. The Strength of Plaintiffs' case; the Risk, Expense, Complexity, and Likely Duration of Further Litigation; and the Risk of Maintaining Class Action Status**

3   Defendant vigorously contests Plaintiffs' allegations that it engaged in a

4   systematic course of unlawful conduct with respect to truck drivers who were paid

5   on a piece-rate basis and not paid separately and hourly for rest periods in addition

6   to the per-mile piece-rate pay.  ECF No. 28 at 18.  Plaintiffs admit that Defendant

7   raised several objections that could lead a court to deny class certification, decline

8   to find liability, rule in Defendant's favor on the merits, and/or significantly reduce

9   damages.  ECF Nos. 28 at 18; 30 at ¶ 7.  Plaintiffs insist that under this settlement,

10  Class Members will avoid all of these risks and obstacles to recovery, and receive

11  substantial benefits expeditiously.  ECF No. 28 at 19.

12  Defendant appears to have a strong case, which advises acceptance of the

13  proposed settlement.  The Court finds that the risks and costs attendant to

14  continued litigation weigh strongly in favor the settlement.  The risk that the Court

15  may not have granted class certification due to Defendant's defenses also weighs

16  in favor of the settlement.

17  **B. The Amount Offered in Settlement**

18  Plaintiffs' counsel calculated the total amount owed for unpaid rest periods

19  to the Class to be approximately $391,838.63, exclusive of interest and double

20  damages.  *Id.* at 20.  Plaintiffs agreed to resolve this matter for $305,834.00 or

ORDER GRANTING UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND GRANTING MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS ~ 5

1    approximately 78% of the total amount at issue, excluding penalties and interest, in

2    part because of Defendant's potential defenses and other risks involved in litigating

3    this case. *Id.* at 20-21.  The Court finds that this substantial level of recovery,

4    considering the risks, weighs in favor of accepting the proposed settlement.

5    **C. The Extent of Discovery Completed and the Stage of the Proceedings**

6        The parties represent that they engaged in significant discovery before

7    reaching the proposed settlement.  ECF Nos. 28 at 19; 30 at ¶ 7.  Plaintiffs assert

8    that the information and documents include Plaintiffs' personnel files, itemized

9    wage statements, driver logs, Defendant's class lists of union and non-union

10   drivers, payout charts for the Class Period, Defendant's Orientation Manual and

11   Employee Reference Guide documents, additional wage statements and a

12   randomized sample of fifteen non-union drivers' DOT driver logs, and the

13   National Master UPS Freight Collective Bargaining Agreement.  ECF Nos. 28 at

14   19-20; 30 at ¶ 7.  Plaintiffs state that Class Counsel was able to calculate and

15   reasonably discount the total estimated potential damages for the Class based on

16   the data and documents.  ECF No. 28 at 20.

17       Class Counsel insists they are confident that a fair and reasonable settlement

18   was obtained for the Class given the totality of the circumstances. *Id.*  The record

19   further reflects that Defendant has been diligent in defending against Plaintiffs'

20   claims.  There being no indication that the parties neglected their duties to

ORDER GRANTING UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT AND GRANTING MOTION FOR AWARD
OF ATTORNEYS' FEES AND COSTS ~ 6

1  vigorously prosecute and defend this case, the Court finds that this factor weighs in

2  favor of accepting the proposed settlement.

3  **D. The Experience and Views of Counsel**

4  This case has been prosecuted and defended by experienced class action and

5  employment attorneys, all of whom have indicated that the terms of the proposed

6  settlement are fair, reasonable and adequate, and are in the best interests of the

7  settlement class as a whole.  ECF Nos. 28 at 21-22; 30 at ¶ 6.  These views are

8  entitled to deference and weigh in favor of the proposed settlement.

9  **E.  The Reaction of Settlement Class Members**

10  The parties indicate that the Class' reaction to the settlement has been

11  positive, as evidenced by the fact that there are no exclusions or objections.  ECF

12  No. 28 at 14-16, 22.  All but one Class Member received actual notice of the

13  settlement, and no Class Members objected to or opted-out of the settlement.  ECF

14  Nos. 28 at 14, 23; 29 at ¶¶ 10, 14-15.  133 Class Members will participate in the

15  settlement and share the net settlement amount in accordance with their

16  proportionate share.  ECF Nos. 28 at 14, 22; 29 at ¶ 14.  This is a strong indication

17  that the Class favors settlement over continued litigation and this factor weighs in

18  favor of the proposed settlement.

19  **F.  Other Applicable Factors**

20  The settlement was the product of an extensive arm's-length negotiation

ORDER GRANTING UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT AND GRANTING MOTION FOR AWARD
OF ATTORNEYS' FEES AND COSTS ~ 7

1    with the assistance of an experienced mediator.  ECF Nos. 28 at 21; 30 at ¶ 7.  The

2    settlement negotiations were adversarial and non-collusive, and conducted by

3    counsel deeply familiar with class action litigation.  ECF No. 28 at 21.  The Court

4    finds that there is no indication whatsoever that the agreement was influenced by

5    improper collusion among counsel.

6         The Court also finds that the Class Notice process was adequate to satisfy

7    due process.  ECF No. 28 at 22-23.  There was only one undeliverable Class

8    Notice and thus all Class Members were sent the Class Notice and over 99% of the

9    Class Members received the notice packets and actual notice of the settlement.

10   ECF Nos. 28 at 23; 29 at ¶ 10.  The Court finds that the Notice was the best notice

11   practicable under the circumstances, provided due and adequate notice of the

12   proceedings and of the matters set forth therein, and fully satisfied all applicable

13   requirements of law and due process.  Accordingly, the Court grants Plaintiffs'

14   motion for final approval of class action settlement.

15   **II.    Attorneys' Fees and Costs**

16        Plaintiffs seek final approval of an award of attorneys' fees to Class

17   Counsel pursuant to Federal Rules of Civil Procedure 23(h) and 54(d)(2) in the

18   total combined amount of $76,458.50, plus reimbursement of actual litigation costs

19   of $10,000.  ECF Nos. 24 at 6; 28 at 23-24.  The requested fees represent 25% of

20   the gross settlement amount.  ECF Nos. 24 at 6; 28 at 23.

ORDER GRANTING UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT AND GRANTING MOTION FOR AWARD
OF ATTORNEYS' FEES AND COSTS ~ 8

Federal Rule of Civil Procedure 54(d)(2) specifies that requests shall be made by motion "unless the substantive law requires those fees to be proved at trial as an element of damages," but the rule does not itself authorize the awarding of fees. Fed. R. Civ. P. 54(d)(2). Federal Rule of Civil Procedure 23(h) provides that, "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). "While attorneys' fees and costs may be awarded in a certified class action where so authorized by law or the parties' agreement, courts have an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties already agreed to an amount." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011) (citation omitted). An attorney is entitled to "recover as part of the award of attorney's fees those out-of-pocket expenses that would normally be charged to a fee paying client." *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (quotation and citation omitted).

### A. Attorneys' Fees

In diversity actions such as this one, the Ninth Circuit applies state law to determine the right to fees and the method for calculating them. ECF No. 1 at ¶ 3; *Mangold v. California Pub. Utilities Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995). Washington law provides the basis for an award of attorney's fees and costs under RCW 49.46.090 for violations of minimum wage and overtime laws, and RCW

ORDER GRANTING UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND GRANTING MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS ~ 9

1    49.52.070 for an employer who willfully withholds wages.  *See* ECF No. 24 at 12-

2    13.

3         "Where a settlement produces a common fund for the benefit of the entire

4    class," as here, "courts have discretion to employ either the lodestar method or the

5    percentage-of-recovery method" to determine the reasonableness of attorneys'

6    fees.  *Bluetooth Headset*, 654 F.3d at 942.  Under Washington law, "the

7    percentage-of-recovery approach is used in calculating fees in common fund

8    cases."  *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002).

9         In common-fund cases, the "benchmark" award is 25% of the recovery

10   obtained.  *Id.* (citation omitted).  Other factors to consider include:

11        the extent to which class counsel achieved exceptional results for the class,
         whether the case was risky for class counsel, whether counsel's performance
12       generated benefits beyond the cash settlement fund, the market rate for the
         particular field of law (in some circumstances), the burdens class counsel
13       experienced while litigating the case …, and whether the case was handled
         on a contingency basis.
14

15   *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 954-55 (9th Cir. 2015)

16   (quoting *Vizcaino*, 290 F.3d at 1048-50) (quotations omitted).

17        Here, Class Counsel seeks 25% of the non-revisionary common fund

18   generated for the benefit of the Class, which is the benchmark fee award.  ECF No.

19   24 at 14.  The Court considers the other factors below.

20   //

ORDER GRANTING UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT AND GRANTING MOTION FOR AWARD
OF ATTORNEYS' FEES AND COSTS ~ 10

1

## 1.  Results Achieved and Risk of Litigation

2       "[T]he most critical factor is the degree of success obtained."  *Hensley v.*

3   *Eckerhart*, 461 U.S. 424, 436 (1983).  Class Counsel asserts they obtained an

4   excellent result for the Class in view of the strength and possible range of

5   recoveries for the Class' claims, and the great risks posed in continuing litigation.

6   ECF No. 24 at 16.  Plaintiffs state that the gross settlement amount represents

7   approximately 78% of Class Counsel's estimate of the full value of the Class'

8   potential recovery on the claim for failure to pay hourly and separately for rest

9   break time, excluding double damages and interest.  *Id.*  Plaintiffs argue that the

10  settlement will provide immediate compensation to the Settlement Class and will

11  avoid the substantial risks of less or no recovery presented by continued litigation.

12  ECF Nos. 24 at 16-17; 25 at ¶ 19; 26 at ¶ 13.

13      Plaintiffs concede that Defendant presented a number of compelling

14  defenses and continues to deny the claims and contentions alleged in the

15  Complaint.  ECF No. 24 at 16.  Defendant claims that the arguments used by

16  Plaintiffs only apply to agricultural workers.  *Id.* at 17.  Defendant asserts it

17  encouraged drivers to take breaks and account for those breaks in its pay.  *Id.*

18  Defendant also insists that Plaintiffs' claims could be retroactively preempted by

19  the Federal Aviation Authorization Administration Act preemption and union

20  drivers are preempted by the Labor-Management Relations Act of 1947.  *Id.*

1   Additionally, Defendant argues that Plaintiffs will be unable to certify the class and

2   are not entitled to double damages and prejudgment interest.  *Id.* at 17-18.

3        Accordingly, the Court finds that Plaintiffs and Class Counsel's recovery of

4   $305,834.00 constitutes an exceptional result for the Class given these obstacles

5   and the risks of further litigation.

6        ## 2.  Counsel's Performance

7        Class Counsel litigated this case with great skill and performed high quality

8   work, as reflected in the results obtained.  Class Counsel has demonstrated their

9   diligence in this action and their experience in litigating class action cases.  *See*

10  ECF Nos. 24 at 18-19; 25 at ¶¶ 5-16; 26 at ¶¶ 4-5.  Class Counsel also conducted

11  substantial discovery and investigation regarding class certification and the merits

12  of the case.  ECF No. 24 at 19.  This factor weighs in favor of granting the

13  requested fee.

14       ## 3.  Market Rate

15       The Ninth Circuit has rejected the requirement that a court should determine

16  a reasonable fee by attempting to replicate the market rate.  *Vizcaino*, 290 F.3d at

17  1049.  "[I]n most cases it may be more appropriate to examine lawyers' reasonable

18  expectations, which are based on the circumstances of the case and the range of fee

19  awards out of common funds of comparable size."  *Id.* at 1050.

20

ORDER GRANTING UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT AND GRANTING MOTION FOR AWARD
OF ATTORNEYS' FEES AND COSTS ~ 12

1   Here, Plaintiffs emphasize that courts routinely award attorneys' fees in the

2   20-33% range in wage and hour class actions.  ECF No. 24 at 19.  Plaintiffs

3   compare various cases in Washington and California, and state that Class Counsel

4   has obtained fees of 30% of the common fund in numerous piece-rated class

5   actions involving truck drivers, including several prior cases in Washington.  *See*

6   *id.* at 19-20.  This factor then weighs in favor of granting the requested attorneys'

7   fees.

8   **4.  Burdens Experienced by Class Counsel and Contingency Basis**

9   Class Counsel took this case on a contingency fee basis and they advanced

10   all of the costs of litigation.  ECF No. 26 at ¶ 7.  Class Counsel asserts that the

11   amount of uncompensated time was substantial.  *Id.*  These burdens are relevant

12   circumstances and weigh in favor of granting the fee.

13   **B. Lodestar Cross-Check**

14   District courts often use the lodestar method as a cross-check on the

15   reasonableness of the percentage award.  *Vizcaino*, 290 F.3d at 1050.  The lodestar

16   method involves multiplying the number of hours reasonably expended on the

17   claim or motion by a reasonable hourly rate.  *Camacho v. Bridgeport Fin., Inc.*,

18   523 F.3d 973, 978 (9th Cir. 2008); *Scott Fetzer Co. v. Weeks*, 122 Wash.2d 141,

19   149-50 (1993).  The calculation of reasonable hours and hourly rate is entrusted to

20   the discretion of the court applying the principles set forth in *Hensley v. Eckerhart*,

ORDER GRANTING UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT AND GRANTING MOTION FOR AWARD
OF ATTORNEYS' FEES AND COSTS ~ 13

in light of the court's first-hand contact with the litigation and attorneys involved. *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012).

### 1. Hours Expended

When determining the reasonableness of the hours expended, a court should not consider hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. Here, Class Counsel spent 208.45 hours on this litigation, excluding time that will be required to be spent preparing the final approval motion papers and attending the final approval hearing. ECF No. 24 at 21. Class Counsel estimates that an additional 25 hours will be spent drafting papers in support of an order finally approving the settlement, preparing for and attending the final fairness hearing, responding to inquiries from Class Members, working with the settlement administrator, carrying out the settlement, and other miscellaneous activities. ECF Nos. 24 at 22; 25 at ¶ 24. Nothing in the record suggests that any of the hours claimed should be disallowed.

### 2. Hourly Rate

When determining the reasonableness of the attorney's proposed hourly rate, the court looks to hourly rates prevailing in the relevant legal community for similar work performed by attorneys of comparable skill, experience, and reputation. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) (citation omitted). A reasonable hourly rate should account for factors such as the

attorney's customary hourly billing rate, the level of skill required by the litigation, the time limitations imposed on the litigation, the amount of potential recovery, the attorney's reputation, and the undesirability of the case. *Bowers v. Transamerica Title Ins. Co.*, 100 Wash.2d 581, 597 (1983).

The Court, based on its independent review as well as its review of the supporting documents submitted by Plaintiffs, finds the rates billed by Plaintiffs' counsel and paralegals are commensurate with the prevailing rates for similar representation in the relevant market. ECF Nos. 25 at ¶¶ 18, 22-23; 26 at ¶ 8; *see Ingram*, 647 F.3d at 928 (holding that a district court may rely on its own knowledge and experience when determining a reasonable hourly rate for the services performed). Class Counsel also has extensive experience in class action wage and employment litigation, as previously discussed. *See* ECF Nos. 25; 26.

Additionally, the declarations and other materials filed by Class Counsel show that their fees for work done on this case, if charged at current hourly rates, would come to $91,889.25. ECF Nos. 24 at 22; 25 at ¶ 22. Yet, Class Counsel only requests $76,458.50, which is 83% of Class Counsel's lodestar and results in a non-existent multiplier. ECF No. 24 at 22-23. The Court then finds that this request is reasonable as it is less than the lodestar amount.

//

//

ORDER GRANTING UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND GRANTING MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS ~ 15

1

### C. Litigation Costs

2   Class Counsel requests an award of costs in the amount of $10,000, which is

3   less than the $18,850.95 in actual litigation costs incurred.  ECF Nos. 24 at 24; 25

4   at ¶¶ 26-27; 26 at ¶ 15.  The itemized list of expenses provided by counsel supports

5   a conclusion that the expenses were reasonably incurred in prosecution of this

6   litigation and were reasonably necessary.  ECF Nos. 25 at ¶¶ 26-27; 26 at ¶ 15.

7   The requested amount of $10,000 is less than the amount actually incurred and is

8   consistent with the settlement agreement, preliminarily approved by the Court, and

9   noticed to the Class.  ECF No. 24 at 24.  Class Counsel asserts that the costs are

10  reasonable and were primarily incurred on filing and service fees, legal research

11  fees, mediator's fee expenses, and travel costs for the meditation.  *Id.* at 25.  The

12  Court finds that the requests for costs is reasonable and reflects necessary

13  expenditures to obtain a favorable settlement.

14  ### III.    Class Representative Service Awards

15  Plaintiffs request approval of the proposed $15,000 in total Class

16  Representative Service Awards, which is $7,500 to both of the Class

17  Representatives.  ECF No. 28 at 24.  Class Counsel emphasizes that no Class

18  Member has objected and the awards are intended to recognize the time, effort, and

19  risk that Plaintiffs undertook in bringing this case.  *Id.*  Class Counsel insists that

20

ORDER GRANTING UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT AND GRANTING MOTION FOR AWARD
OF ATTORNEYS' FEES AND COSTS ~ 16

1    the awards are warranted and Plaintiffs provided invaluable assistance to Class

2    Counsel and the Class.  *Id.* at 24-26.

3          These incentive awards are reasonable and do not undermine Plaintiffs'

4    adequacy as the Class Representatives.  Rather, the awards reasonably compensate

5    Plaintiffs for the time and effort that they expended in serving as Class

6    Representatives, assisting in the investigation, participating in and keeping abreast

7    of the litigation, and reviewing and approving the proposed settlement terms after

8    consulting with Class Counsel.

9    **ACCORDINGLY, IT IS ORDERED:**

10          1.    Plaintiffs' Unopposed Motion for Order Granting Final Approval of

11    Class Action Settlement (ECF No. 28) is **GRANTED**.

12          2.    The Court finds that Notice to the Settlement Class has been

13    completed in conformity with the Preliminary Approval Order.  ECF No. 20.

14          3.    Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Court

15    certifies for the purposes of settlement, the following class:  all truck drivers or any

16    similar positions employed by the UPS Ground Freight, Inc. who resided in

17    Washington State, drove at least one route of three or more hours within

18    Washington State, and were paid on a per-mile basis by means of mileage pay

19    from May 12, 2014 through February 3, 2018.

20

ORDER GRANTING UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT AND GRANTING MOTION FOR AWARD
OF ATTORNEYS' FEES AND COSTS ~ 17

4.     The Court has appointed Christopher A. Santamour and John Kelly Peightal as Class Representatives.

5.     The Court has appointed Craig J. Ackermann and India Lin Bodien as Class Counsel.

6.     The Court has appointed Rust Consulting, Inc. as Settlement Administrator.

7.     The Court approves the form and content of the written notice. *See* ECF No. 17 at 49-55 (Ex. A).

8.     There have been no timely-filed objections to the settlement.

9.     The terms set forth in the settlement are approved as being fair, adequate, and reasonable in light of the degree of recovery obtained in relation to the risks faced by the Settlement Class in litigating the claims.  The Settlement Class is properly certified as part of this settlement.  The relief provided to the Settlement Class under the settlement agreement is appropriate as to the individual members of the Settlement Class and as a whole.

10.     Plaintiffs' Motion for Order Granting Award of Attorneys' Fees and Costs (ECF No. 24) is **GRANTED**.  The Court approves the payment of $76,458.50 in attorneys' fees to Class Counsel as fair and reasonable.  The Court approves the payment of $10,000 to Class Counsel as reimbursement for litigation costs.

ORDER GRANTING UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND GRANTING MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS ~ 18

11.     The Court approves the service awards of $7,500 to Christopher A. Santamour and $7,500 John Kelly Peightal as Class Representatives.

12.     Each member of the Settlement Class shall be entitled to receive an individual settlement share of the gross settlement amount of $305,834.00 as set forth in the settlement agreement.  The Court orders the parties to comply with and carry out all terms and provisions of the settlement, to the extent that the terms do not contradict or conflict with this Order and Judgment, in which case the provisions of this Order and Judgment shall take precedence and supersede the settlement.

13.     All Settlement Class Members are bound by the terms of the settlement agreement.  As of the settlement agreement's effective date, all Settlement Class Members shall conclusively be deemed to have irrevocably released, relinquished, and forever discharged all claims against Defendant and the other Released Parties as set forth in the settlement agreement.  The Settlement Class Members are permanently barred from prosecuting against Defendant and the other released parties any and all of the released claims by Class Members, as defined in the settlement agreement.

14.     Class Counsel and any counsel associated with Class Counsel are bound by the release of claims in favor of Defendant and the other Released Parties as set forth in the settlement agreement, and are permanently barred from

prosecuting against Defendant and the other released parties any and all of Class Counsel's released claims as defined in the settlement agreement.

15.    Nothing in the settlement or this Order purports to extinguish or waive Defendant's rights to continue to oppose the merits of the claims in this action or class treatment of these claims in this case if the settlement fails to become final or effective, or in any other case without limitation.  The settlement is not an admission by Defendant, nor is this Order and Judgment a finding of the validity of any allegations against Defendant or any wrongdoing by Defendant.  Neither the settlement nor this Order and Court Judgment is a finding that certification of the Class is proper for any purpose or proceeding other than for settlement purposes in this proceeding.

16.    No individuals have timely and properly excluded themselves from the Settlement Class.  All members of the Settlement Class are, therefore, bound by this Order.

17.    The entry of this Order and Judgment is without prejudice to the rights of the parties to enforce the terms of the settlement agreement and the rights of Class Counsel to seek the payment of fees and costs as provided in the settlement agreement.  Without affecting the finality of this Order in any way, the Court retains jurisdiction over the claims against Defendant for purposes of resolving any disputes that may arise under the settlement agreement.

ORDER GRANTING UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND GRANTING MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS ~ 20

1    The District Court Executive is directed to enter this Order and Judgment

2  accordingly, provide copies to counsel and **CLOSE** the file.

3    **DATED** June 26, 2018.



THOMAS O. RICE
Chief United States District Judge

ORDER GRANTING UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT AND GRANTING MOTION FOR AWARD
OF ATTORNEYS' FEES AND COSTS ~ 21